## WRIGHT *v.* YUENGLING.

### SAME *v.* BEGGS.

*(Circuit Court, S. D. New York.   February 13, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—ENGINE-FRAMES.
   The specifications of a patented horizontal engine-frame called for a cylinder for guiding the cross-head in combination with the cylinder head and semicircular connecting piece.   *Held*, that an engine-frame in which there was no connecting piece between the cross-head guide and cylinder head, separate from the guide, the cross-head guide being bolted directly to the cylinder head. did not infringe the patent.

2. SAME—COMBINATION—ENGINE-FRAMES.
   The second claim of specifications in letters patent No. 144.818, for an improvement in frames for horizontal engines, called for the combination of the guiding cylinder, base, and trough-like connection.   *Held*, that the novelty of these elements consisted solely in the form of the parts; and that the patent was not valid as regards such parts, as it covered, not the form, but mechanical operation only.

In Equity.   On bill for injunction.

These suits were brought by William Wright against David G. Yuengling, Jr., and Johnston Beggs, to restrain the infringement of letters patent granted to complainant for an improvement in engine-frames.

*Andrew J. Todd*, for plaintiff.

*Benjamin F. Lee*, for defendants.

WHEELER, J.   These suits are brought upon alleged infringements of letters patent No. 144,818, dated November 18, 1873, and granted to the orator for an improvement in frames for horizontal engines.   The specification describes an engine-frame consisting of a cylinder head, connected with a cylindrical cross-head guide having openings giving access to the cross-head, by a cylindrical piece having a circular opening in its upper side giving access to the stuffing-box of the cylinder head; of a trough-shaped piece connecting the other end of the cross-head guide with a base, and raised on one side over the base to furnish a support for the crankshaft, and curved downward between the sides to make room for the connecting-rod; and of a strengthening rib under the cross-head guide and its connections from the base to the cylinder head.   There are three claims: The first is for a horizontal engine-frame in which a cylinder for guiding the cross-head is combined with the cylinder head and semicircular connecting piece, substantially in the manner described; the second is for the combination in a horizontal engine-frame of the guiding cylinder, base, and trough-like connection; and the third is for a horizontal engine-frame composed of the cylinder head, guiding cylinder, connecting-piece, trough, base, and web, all combined substantially in the manner described.   The question is whether the defendants have taken any part of the orator's invention that is patentable, and has been actually patented to him in this patent.   A corporation with which the defendant in one case is connected as an officer has made and sold to the defendant in the other case, who has used, an engine with a frame consisting of a cylindrical cross-head guide, with openings in its sides giving access to

the cross-head and stuffing-box, bolted to the cylinder head, and of a trough-like connection between the guide and base, and of a base and a strengthening web like those of the orator's patent. This engine-frame has no connecting piece between the cross-head guide and cylinder-head, separate from the guide, but the cross-head guide is bolted directly to the cylinder head, and the latter does not form any part of what is called the "engine-frame" in the patent. Therefore the combination of the first claim is not to be found in that engine-frame, and that claim is not infringed by it. The trough-like connection between the cross-head guide and base, of the second claim, performs nothing new, nor anything different from other connections in that place; neither does the guide, or the base of that claim do anything more or different from what other guides and bases in the same relations had previously done; and these parts together do nothing new, or anything in any new way, or with any different effect from what similar parts had for a long time previously done. If anything new is involved in this combination it consists in the form of the respective parts, or some of them; and such new form is not covered by this patent. Therefore this claim does not cover any patentable invention, and is not valid. *Machine Co.* v. *Murphy,* 97 U. S. 120.

The third claim covers all the parts of a horizontal engine-frame, including the cylinder-head, as an element, in combination. As the engine-frame of the defendants does not take in the cylinder head as a part of it, after the manner of the patent, and has not the connecting piece of the patent between the cross-head guide and cylinder head, it does not appear to infringe that claim.

And, generally, steam-engines have had and must have rigid frames connecting the working cylinders with the crank-shafts to keep them in their proper relative positions; and horizontal engines have had and must have bases to sustain the parts. The cross-head guide usually lies in the direction of the frame, and is connected with or forms a part of it. Cylindrical guides were not new with this invention, and those composed of bars for slides were open, affording access to the cross-heads and to the stuffing-boxes of the cylinder heads. There would not appear to be any patentable invention in leaving openings for such access in cylindrical guides. The orator added no new part but the connecting piece, which the frame of the defendants does not have. The parts made use of in the frames of the defendants operate precisely in the same manner that similar parts operated before his invention, and accomplish precisely the same result. The form given by him to several of the parts appears to be taken, but the form was not patented. The patent covers only mechanical operation, and does not appear to be valid to cover anything of that which has been taken. *Estey* v. *Burdett,* 109 U. S. 633, 3 Sup. Ct. Rep. 531; *Heating Co.* v. *Burtis,* 121 U. S. 286, 7 Sup. Ct. Rep. 1034.

On any view which the case is capable of the patent does not appear to be valid, in any part covering the engine-frame of the defendants, if at all. Let there be a decree dismissing the bill of complaint, with costs.