NATIONAL AUTOMATIC WEIGHING MACH. CO. v. DAAB et al.

(Circuit Court, D. New Jersey. May 5, 1905.)

PATENTS—WEIGHING APPARATUS—INFRINGEMENT.

    Letters patent No. 387,285, for an improvement in indicators for weighing apparatus, sustained, and patent No. 733,059 *held* to infringe claim 1 of the former; the device used in the infringing patent being the mechanical equivalent of that adopted in the patent in suit.

(Syllabus by the Court.)

In Equity.

A. Parker-Smith, for complainant.

Leon Abbett and J. R. Littell, for defendants.

CROSS, District Judge. The patent in suit is No. 387,285, dated August 7, 1888, upon application filed July 19, 1886, for "a new improvement in indicators for weighing apparatus," which is owned by the complainant, the National Automatic Weighing Machine Company. The patent was granted to one Henry Fairbanks, and by mesne assignments transferred to the complainant, which corporation has filed its bill of complaint against the defendant, alleging, among other things, that they are infringing the above patent, and asking the usual relief. The patent under which the defendants are operating, the use of which it is alleged infringes the complainant's, is No. 733,059, dated July 7, 1903, issued to one Magee.

The only claim involved in the suit is No. 1 of the Fairbanks patent, and is as follows:

"(1) The combination of a disk adapted to be rotated under the force or weight applied to the apparatus, an inclosing case, its front having an opening through it to expose the graduations on the disk, a passage adapted to receive a coin of certain size, a cover for said opening, and an obstruction in said passage in connection with said cover, substantially as described, and whereby the coin so introduced will strike the said obstruction, and by its weight remove the cover from said opening and expose the graduations on the disk."

The invention of the complainant consists of an indicating device for weighing machines, operated, and only operated, by inserting a coin in a slot adapted for the purpose, and comprises a rotative dial or disk set in a casing having an opening through which the figures on the dial opposite the opening may be seen when the shutter normally closing said opening has been removed, and with a passage connecting with the slot to receive the coin there introduced, and an obstruction so located with reference to the passage of the coin through a duct called a "coin passage" that the coin will strike the obstruction in said duct, and by its weight move the same, and through other mechanism remove the shutter from in front of the opening, and expose the figures on the dial or disk. The figures on the dial in front of the opening, and which are exposed by moving the shutter, show the weight of the person or object on the scale.

Counsel for the complainant and defendants agree that the only point in difference between the parties is as to the construction which should be put upon the expression, "an obstruction in said passage in connection with said cover," as found in claim 1. The construction on the part of the defendants is that the "obstruction" is tied down by claim 1 and the specifications and the prior art to an "obstruction" in said passage—that is to say, that it means, as applied to the device of the complainant, a lever whose end projects through the side of a duct of a size sufficient to carry a designated coin, and down which the coin passes, striking in its passage the end of the lever or "obstruction"; and that, as the defendants' device has a cup, or "coin receiver," as it is called in their patent, attached to the end of a similar lever, which cup the coin, in falling, strikes, and wherein it then rests, but which is at the bottom or lower end of the coin passage, it does not infringe the complainant's patent. The defendants' main argument therefore is designed to show that they do not infringe the complainant's patent because the obstruction in their case is at the bottom of the "coin passage" or tube, while the complainant's is located in the coin passage. In both cases, however, the coin strikes an obstruction, and in consequence of the blow, coupled with the weight of the coin itself, a lever is moved, the shutter pushed aside, and a section of the disk disclosed.

The defendants also contend that the complainant's patent is a combination of several elements, all old in the art, and that by the state of the prior art its patentee was compelled to make his claim narrow in order to show novelty, and that consequently his claim

cannot be enlarged, but must be strictly construed; and in support of their position they have cited several patents as anticipations of the complainant's, the larger part of which, however, need not be considered, as they were issued subsequently to the complainant's. The patents to Brice and Brown do not in any way anticipate the combination upon which the complainant's patent is based. The former is an advertising device, operated by means of a coin dropped in a slot falling upon a weighted lever, which by means of connecting mechanism releases an advertising card. The latter is for a toy bank or safe similarly operated by a coin falling against the end of a lever, thereby registering the number of coins thus dropped into the bank. The Smith patent is for a toy money box, the weight of a coin dropped into a slot causing the exposure of a picture or emblem. The patent to Everitt shows a coin-operated weighing machine, which acts, however, on a principle entirely different from the complainant's patent. The dial of the Everitt machine is exposed, and does not rotate, but instead an index finger moving in front of the dial is made to rotate by means of the weight of the coin dropped in the slot. Its combination is radically different from that of the complainant's machine, as it has no aperture in the case, no shutter, and no rotating dial. In the case of the Everitt machine the index finger rotating on the face of an open dial points out the weight of the person, while in the complainant's the dial itself rotates, although not visibly, and upon the withdrawal of the shutter from the opening in the case, the portion of the dial indicating the weight of the person is disclosed. The machines are alike only in this: that both are coin-operated weighing machines. These are the only anticipating patents which it is necessary to discuss.

We will next consider whether the complainant, by claim 1, is limited to an obstruction in the coin tube or passage, so that he cannot allege infringement on the part of the defendants, who use an obstruction at the foot or bottom of the coin passage. It is clear, as before stated, that the defendants' structure, consisting of the end of a lever with a cup thereon, normally placed at the foot of the coin passage, performs the same function in practically the same way that the obstruction in the coin passage does in the complainant's device. In our opinion, the cup neither adds to nor takes away from the function of the device, but has rather to do with the ultimate disposition of the coin. So far as the function to be performed by the falling of the coin and the weight of the coin is concerned, the devices could be readily exchanged, and the work equally well performed.

In Union Paper Bag Co. v. Murphy, 97 U. S. 121, 24 L. Ed. 935, it is said:

"Except where form is of the essence of the invention, it has but little weight in the decision of such an issue, the correct rule being that in determining the question of infringement the court or jury, as the case may be, are not to judge about similarities or difference by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another if

it performs substantially the same function in substantially the same way to obtain the same result; always bearing in mind that devices in a patented machine are different in the sense of the patent law when they perform different functions, or in a different way, or produce a substantially different result. Nor is it safe to give much heed to the fact that the corresponding device in two machines organized to accomplish the same result is different in shape or form, the one from the other, as it is necessary in every such investigation to look at the mode of operation or the way the device works, and at the result as well as at the means by which the result is attained."

And in Union Steam Pump Co. v. Battle Creek Steam Pump Co., 104 Fed. 342, 43 C. C. A. 560, it is said that the mere change of the location of the parts of a combination, if the parts still perform the same duty and by the same mode of operation, will not take the structure out of the bounds of the patent.

The difference between the two devices under consideration does not appreciably affect either the principle of operation or the result of the operation. These are substantially identical. While it is true that the language of claim 1 of the complainant's patent indicates the "obstruction" as located in the passage, still it is evident that the patentee did not regard this as essential. He apparently placed it there with the additional object of having the coin in its fall operate at the same time another lever on the opposite side of the coin passage from the "obstruction" for the purpose of disposing of the coin itself. He did not regard this second lever, however, as material, for he says that it may be dispensed with, and that the side of the coin passage may be "fixed," evidently meaning thereby continuous or unbroken. If we then dispense with the second lever opposite to which the "obstruction" was to be located, it is obvious that the "obstruction" can be raised or lowered to any point in the coin passage, and still be quite within the terms of claim 1. Without doing any violence to the language of the claim then, we do not see why the obstruction cannot be carried to the foot of the coin passage, which is practically the very thing the defendants have done, and which constitutes the alleged infringement. To show that this construction of claim 1 is not unreasonable or forced, we have only to refer to the testimony of an expert witness called by the defendants, who, in speaking of the Brice patent, says: "The Brice patent clearly shows an obstruction in the coin passage, which construction consists of the lever, D, having one arm projecting into the coin passage, and operated by the gravity action of the coin." An examination of the Brice patent will show, however, that the arm of the lever upon which the coin acts extends across the bottom of the tube or coin passage. The same witness uses the same expression with reference to an obstruction in the coin passage in the Tabony, Brown, and Ryfenburgh patents, in all of which the obstruction likewise consisted of levers at the bottom of the coin passage. We are thus shown by the defendants' own witness that in the natural and ordinary use of language he, as an expert, considers an obstruction which actually is placed at the bottom of the coin passage as being in the coin passage. We do not, therefore, strain the meaning of the language used by the complainant's patentee in claim 1

if we place the obstruction at the bottom of the coin passage, rather than in the side thereof.

Furthermore, Pumphrey, an expert witness for the complainant, has made some illustrative drawings of the defendants' device, which were used on his examination, and which manifest very clearly that the defendants' device infringes the complainant's. For instance, he shows that the coin cup of the defendants' device may very properly be considered as merely an extension or continuation of the coin passage itself, for an inspection of the drawing attached to the defendants' patent shows that the coin cup is located up to and against the very bottom of the coin passage, and in claim 1 of their patent it is described as "located normally under the end of the coin way." Referring again to the Pumphrey drawings, he makes it quite apparent that the coin cup could be extended upward to the very slot or opening in which the coin is dropped, so that the coin cup thus extended would in reality make the coin passage of the complainant's device; the effect of which would be that the defendants, by simply calling the coin passage a "coin cup," could infringe the complainant's patent at will. The fact that the coin cup and the ordinary lever struck by the coin were recognized equivalents at the date of the Fairbanks invention is proven by the Everitt patent, which shows a cup, and the other patents, which show the ordinary lever used to produce the same result. Hence, under the doctrine of equivalents, the Fairbanks claim covers the defendants' device. For these, among other reasons, we deem the devices are mechanical equivalents accomplishing the same function in practically the same way.

As said by Judge Dallas in Rood v. Evans (C. C.) 92 Fed. at page 373, invasion of the rights of a patentee may be avoided, however nearly approached, if the subject-matter of the grant be not substantially taken; but, if the principle of the invention be appropriated, liability for infringement cannot be evaded upon the ground that the mechanism employed by the infringer does not, in form and structure, precisely correspond with that described in the patent. There can be no question that, if the Magee patent were the earlier in the art, it would be a complete anticipation of the complainant's. This is a fair test, and one often applied by the courts.

The defendants have sought to interpose the nonuse of the Fairbanks patent as a defense, but it has been decided in many cases that it is not. Fuller v. Berger, 120 Fed. 274, 277, 56 C. C. A. 588, 65 L. R. A. 381, and authorities there cited.

A decree will be entered in conformity with the views herein expressed.