GENERAL COMPRESSED AIR & VACUUM MACHINERY CO. et al.
v. AMERICAN AIR CLEANING CO.

(Circuit Court, E. D. Wisconsin. . March 2, 1910.)

1. PATENTS (§ 239*)—INFRINGEMENT—DUPLICATION OF PARTS.
  The mere duplication of parts of a patented machine, although it may render it more effective in operation, does not avoid infringement.
  [Ed. Note.—For other cases, see Patents, Cent. Dig. § 378; Dec. Dig. 239.*]

2. PATENTS (§ 165*)—CONSTRUCTION—REFERENCE TO SPECIFICATION.
  The use of the phrase "substantially as described" in a clause of a patent cannot import into it an element not claimed nor referred to therein.
  [Ed. Note.—For other cases, see Patents, Cent. Dig. § 241; Dec. Dig. 165.*]

3. PATENTS (§ 328*)—INFRINGEMENT—PNEUMATIC CARPET RENOVATOR.
  The Thurman patents, No. 634,042, claim 1, and No. 690,084, claims 5 and 6, relating to pneumatic carpet renovators, construed, and held infringed.

In Equity. Suit by the General Compressed Air & Vacuum Machinery Company and John S. Thurman against American Air Cleaning Company. On final hearing. Decree for complainants.

John C. Higdon and Edward E. Longan, for complainants.
Winkler, Flanders, Bottum & Fawsett, for defendant.

QUARLES, District Judge. This is a bill in equity in the usual form, alleging infringement of United States patents numbered 634,-042, issued to John S. Thurman October 3, 1899, and numbered 690,-084, issued to said Thurman December 31, 1901, transferred by mesne conveyances to the complainants. Prayer for an injunction and accounting. The corporate names of both litigants have been changed since their former litigation. The defendant here was practically the complainant there, and vice versa. The answer sets up several defenses, but upon final hearing it was agreed by counsel for the respective parties that the only real issue to be contested was as to infringement. Defendant claims to be the owner of United States letters patent No. 521,174, issued to William E. Nation as agent of Enoch Nation June 12, 1894, and claims that the alleged infringing device was made in strict accordance with such Nation patent. The claims alleged to have been infringed are claim 1 of No. 634,042, and claims 5 and 6 of No. 690,084. Claim 1 of No. 634,042, reads as follows:

"(1) In a renovator, the combination with a suitable casing open at its bottom, the walls of said casing extending down to engage the article to be cleaned or renovated, so that said article practically forms a bottom for the opening in the casing, of a nozzle carried by said casing and arranged to one side of said opening for discharging air under pressure, at an angle, and in a definite direction through the bottom of said casing, a passage for the dust-laden, air leading up from the opening in the bottom of the casing at a point opposite the nozzle, said passage communicating with a chamber in the casing, into which chamber said passage enters tangentially, and a pressure-supply pipe connected to said nozzle, substantially as described."

Claims 5 and 6 of No. 690,084 read as follows:

"(5) The combination with a pneumatic carpet-renovator having a blast-nozzle, of a pivoted handle provided with a passage for the supply of compressed air to said nozzle, and a flexible connection between said handle and said nozzle, substantially as described.

"(6) The combination with a pneumatic carpet-renovator having a blast-nozzle, of a yoke pivoted to said renovator, an operating-handle mounted upon said yoke and provided with a passage for supplying compressed air to the nozzle, and a flexible connection between said operating-handle and said nozzle, substantially as described."

These parties under different corporate names have been before this court, and Judge Baker in deciding the case, 125 Fed. 761, 60 C. C. A. 529, said:

"Nation did not disclose that his air blast would penetrate the carpet, strike the floor, and carry up through the carpet the dust on the floor and in the body of the carpet into the hood. His drawing indicates that the air rebounds from the surface of the goods to be cleaned. But if his device, without material modifications, could be made to do the work of the Thurman machine, it would be by a different mode of operation."

The Circuit Court of Appeals reversed the judgment below, and pointed out a fundamental difference in the operation of the two machines, which may be expressed by the popular terms "duster and renovator." The duster, as the term implies, deals only with liberating the dust from the surface of the material to be cleaned, and conducting the same by an air current into a bag, where the dust is strained out as the air escapes through the porous material of the bag. The renovator directs the air-blast into and through the carpet against the floor, and by a rebounding action, up through the carpet into the hood. It results, therefore, that if the alleged infringing device is made in strict accordance with the Nation patent, there is no infringement of claim 1 of No. 634,042. This would be presumptively true, because the officials of the Patent Office granted the latter patent to Thurman; but it is conclusively true in view of the doctrine laid down by the Circuit Court of Appeals. The question to be settled, therefore, would seem to be whether the defendant's device is a physical embodiment of the Nation patent.

Nation was a car cleaner. He had used the open blast nozzle which drove the dust from one part of the car to another, but did not imprison it. Nation took a distinct step in advance by application of old elements, the air-blast, the hood and the strainer. His drawings indicate a hand tool to be pushed over the cushions and upholstery by means of a rigid tube through which the compressed air entered. This small tool probably met the requirements of his situation. Thurman added certain structural features which differentiated his machine from Nation's. The air-blast was located outside of the hood, and the lip was laid on the surface of the carpet so that the blast of air must penetrate the meshes of the fabric and then rebound, passing a second time through the carpet and up into the air passage through which it passes into a receptacle at such an angle as to force open a trap and deposit the dirt particles in a chamber. This tool was called a renovator as distinguished from a mere dusting apparatus. It is easy to understand why Thurman's idea of renovation did not occur to Nation.

It was not required in the work he was doing, and there is no suggestion in his patent anywhere of Thurman's conception. Defendant's device has departed from the conception of the Nation patent in several important particulars which are not confined to mere details of construction. The hood with its neck thrust up into the bag is discarded. Instead of discharging the air-blast within the hood, air passages are substituted to conduct the dust-laden air into the chambers. Furthermore, the slip in the nozzle is located in contact with the carpet instead of some distance above it.

It is contended that the defendant employs certain features that differentiate his device from the Thurman tool. The air-blast is directed downward upon the carpet at an angle of 90 degrees, while Thurman's drawing and structure plainly indicate an angle of about 45 degrees. It seems quite immaterial which angle the defendant adopts if it does the work of the Thurman machine in substantially the same way. Thurman has not limited himself to any particular angle. While the air-blast is discharged in a downward direction, it is plain that the blast deviates from a straight line in order to send the dust-laden air up into the air passages by its rebounding force. The angle of reflection amounts to demonstration. Defendant's machine also has two slits for the escape of the compressed air, one rearward and the other forward, with two air-chambers instead of one. This feature cannot change the legal situation. If we were to concede that the machine of the defendant was better by reason of the duplication of these parts, this would not allow defendant to escape infringement, if the devices are substantially alike. Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017; See, also, Kinloch Tel. Co. v. Western Electric Co., 113 Fed. 652, 51 C. C. A. 362.

We may go yet a step further. Suppose we were to concede that the double blast of the defendant's machine constituted not only infringement, but involved inventive thought; that would not relieve the defendant from infringement. An improver cannot seize upon the inventive thought of a prior inventor and escape infringement. It seems clear that the Circuit Court of Appeals has pointed the way and that there is no escape from the conclusion that the defendant infringes.

It remains to consider whether the defendant also infringes claims 5 and 6 of No. 690,084. This is a new proposition. This patent was not before the Court of Appeals, and the Nation patent is entirely silent on the subject. It is true, as claimed by the defendant, that the specification in this patent makes a certain tilting device whereby the rear end of the case may be raised from the carpet, the leading feature of the Thurman invention. It is also true that the defendant has not appropriated this feature, and probably could not in view of the arrangement of the air-blast. It is nevertheless true that this element which we have called the tilting device is not included in either claims 5 or 6, unless the same is imported into the claims by the use of the familiar formula "substantially as described." There is no merit in the contention that the court can read into claims 5 and 6 an element not claimed or referred to therein. It is familiar that such reference to specification is allowable to explain or make specific something found

in the claim; but this cannot be taken as a warrant to add anything to the claim. The claim is the measure of the grant, and the same cannot be reconstructed by the court, the only question open here being one of infringement, and the only claims under consideration being 5 and 6, the precise the only question is whether the defendant's tool embodies all the elements of the Thurman combination appearing in those two claims, co-acting in the same way to produce the same result.

We think the analysis made by complainants' counsel in their brief, on page 38, is accurate, and that there is found in the defendant's apparatus, which is clearly a pneumatic carpet renovator, the following elements: (a) The combination with a pneumatic carpet renovator having a blast nozzle, D, of (b) a pivoted handle, E, provided with a passage for the supply of compressed air to said nozzle; and (c) a flexible connection, F, between said handle and said nozzle; and, treating claim 6 separately, it appears that the defendant's apparatus has in combination the following elements: (a) The combination with a pneumatic carpet renovator having a blast nozzle, D, of (b) a yoke, D, pivoted to said renovator; (c) an operating handle, E, mounted upon said yoke, and provided with a passage for supplying compressed air to the nozzle; and (e) a flexible connection, F, between said operating handle and said nozzle. The several elements seem to be combined in the same way for the same purpose, and the two machines result from the combination of elements co-acting to produce the same results in substantially the same way. Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935. We are admonished by the Supreme Court not to look too much to names, forms, or shapes, but to study the machine itself to determine the real principle of its operation. Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935.

It is urged that there is another radical difference in the construction of the two machines, because defendant has not adopted the tortuous passage for the dust-laden air marked on complainants' diagram K. L. M. O., but has retained the simple bag. Unfortunately, however, for this contention, the improved feature for conducting the dust-laden air does not appear in either claim now before the court.

I am persuaded that the defendant's machine is not an embodiment of the Nation patent, but is built in accordance with the teachings of the Thurman patents. I find each of the three claims in issue infringed. Let an interlocutory decree be prepared in accordance with this opinion.