### U. S. SLICING MACH. CO. v. G. S. BLAKESLEE & CO.

(Circuit Court of Appeals, Seventh Circuit. October 13, 1915.)

No. 2231.

PATENTS ⬅328—INVENTION—GUARD FOR MEAT-SLICING MACHINES.

The Roest patent, No. 897,018, for a knife guard for meat-slicing machines, is void for lack of patentable novelty and invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Ferdinand A. Geiger, Judge.

Suit in equity by the U. S. Slicing Machine Company against G. S. Blakeslee & Co. Decree for defendant, and complainant appeals. Affirmed.

Frank T. Brown, of Chicago, Ill., for appellant.
John L. Jackson, of Chicago, Ill., for appellee.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

KOHLSAAT, Circuit Judge. The patent in suit, No. 897,018, was held invalid by the District Court for want of patentable novelty. It was granted August 25, 1908, for a knife guard for meat-slicing machines, to one Roest, and afterwards acquired by appellant. There are seven claims, of which only 1 and 2 are in suit. They read as follows:

1. A guard for that part of the rotary circular knives of meat-slicing machines where the actual cutting is effected, comprising a bar which is so shaped as to follow the contour of the knife edge and is arranged a little behind and in advance of the edge of the blade and means for holding the bar in position.

2. A guard for that part of the rotary circular knives of meat-slicing machines where the actual cutting is effected, comprising a bar which is so shaped as to follow the contour of the knife edge and is arranged a little behind and in advance of the edge of the blade and adjustable means for holding the bar in position.

The defense rests upon alleged invalidity.

It was not new to guard circular saws and cutting knives at all dangerous points, except the necessary cutting edge, which of necessity must be exposed sufficiently to admit of contact with the material to be sawed or cut. The patent applies only to protection of the cutting edge, particularly that of a revolving knife or blade. This protection consists of a bar or rod mounted rigidly upon or adjacent to the frame of the cutter, but made adjustable with reference to the edge of the knife. It is located slightly in advance of the knife and far enough back thereof and toward the operator to admit the passage of the slice to be cut off from the bulk onto the receiving table or the operator's hand. It is curved to follow the periphery of the circular knife, but not in the same plane therewith. This in substance constitutes the claimed invention. The device as a whole is durable and simple.

Appellant claims that there had long been a demand for such a guard; that engineers and others skilled in the art had sought in vain for protection from the cutting edge without interfering with the cutting facilities of the slicer. The evidence hardly justifies the assertion, though it will readily be seen that such protection was desirable. That any device which could accomplish that end must be, in substance, like that of the patent, seems to be conceded, since the two things necessary were (1) a guard out of alignment with the blade, and (2) near enough to the forward edge of the knife to prevent the operator from feeding his fingers to the cutting edge, and yet secure the advantages aimed at.

The novelty, if any, in the device, consisted in paralleling the knife with the guard at a desired distance laterally therefrom and in advance thereof; the former being spaced according to the thickness of the slice desired. It will be seen that the guard might easily be adjusted to act both as guard and gauge, protecting the operator while regulating the thickness of the slice. Some point is made by appellant as to this double function in commenting upon the prior art. It is well settled that the results attained, and not the names given to the parts, determine the question of equivalency. Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935. It will be understood that the patent calls for the protecting bar and means for applying and holding same in position. It is necessary, therefore, to consider only those elements which it is claimed differentiate the slicer from the prior art, and those are, as above stated, the curved bar a little in advance and behind the cutting wheel, made adjustable with reference to the wheel and resting upon the frame or upon brackets supported independently

of the knife. Otherwise the device of the patent is conceded to be that of the prior art.

We confess our inability to see invention in supplying the protecting bar. It will not protect unless it is in advance of the cutter, and it will not operate unless placed behind the cutter. The evil and its remedy seem so obvious that we fail to see how the device could escape the attention of one possessed of ordinary skill, the need of it being urgent. But assuming that, all things considered, some slight degree of invention apart from the prior art is shown, carrying the art from an unprotected to a fairly well guarded cutting arc of a cutting edge, was it new with appellant? Some 25 prior patents are set up in the answer. It will suffice if any of them show the protecting guard, so arranged at or near the cutting edge as to substantially anticipate or plainly suggest the guard of the patent in suit.

The German patent, No. 5,019, issued to Clement, shows a knife guard set a little behind and in advance of the cutting portion of this knife, conforming in contour to the knife edge and protecting the so-called delivery side. · True, it is not stationary, because the knife is not. It presents itself in a protecting capacity along the whole edge of the swinging blade. While the form and operation of the cutting device are different from those of the patent in suit, the latter being swinging blades, the concept is the same. It protects the operator from the cutting edge; it does not interfere with the efficiency of the blade in accomplishing what it was designed for. As an element of the combination, the guard of the patent in suit would be the equivalent of that of Clement. We do not consider the presence of an independent gauging device as of moment. Neither do we regard the difference between the forms of guarding devices, as to whether they are round or square or flat, as constituting any patentable distinction.

Patent No. 811,452, to E. F. Smith, dated January 30, 1906, and patents' Nos. 731,516 and 830,935, granted to same patentee, show what in the patent is called a laterally adjustable gauge plate secured to the forward end of a reciprocating carriage or frame. This gauge plate is stationed, when the device is in operation, a little in advance of the cutter to the extent desired. This latter is a rotary knife disk. This gauge is only claimed as a spacer for slicing, operating in conjunction with a stop plate. Its edge is curved to correspond to the contour of the cutting edge of the rotary knife. The space between the cutter edge and the concave edge of the gauge is shown in the drawings to be somewhat wide, evidently devised with the intention of using it only as a spacer or gauge. Nevertheless, it measurably acts as a guard. In the model shown, it seems to serve all the purposes of the device of the patent in suit. It is not adjustable longitudinally with reference to the cutting edge of the rotary blade, but travels with the bodily movement of the blade. At line 71, page 1, in Smith's patent, No. 830,935, the specification describes a transversely adjustable gauge plate as extending in a plane parallel with the cutting face of the revoluble cutter and located at a point in advance of the cutter and adapted to be adjusted transversely in relation to the cutter for varying the thickness of the slices to be cut. The gauge or guard is in the form of a plate and not, as in Roest, a bar or rod.

Appellee insists that by cutting away the back portion of the plate there would remain a bar or rod substantially like that of the patent. There seems to be no function of the gauge attributable to the use of a bar in preference to a plate, and no reason is perceived why the one is not the equivalent of the other as a guard. Objection is raised to the elevation of the plate, on the ground that it leaves a portion of the cutting wheel exposed. It will be seen that the top of the frame covers and shields the upper cutting edge of the rotary cutter. The guard is as high as necessary. It presents all the features and protecting provisions of the patent so far as protection is concerned, and we deem it anticipatory of whatever of patentable novelty Roest lays claim to.

Appellee places much reliance upon Long patent, No. 659,683, issued October 16, 1900, for a bread cutter. This patent shows one or more knife arms provided with cutting edges. The arms rotate with a swinging motion across the forward end of the feed trough. The blades are practically inclosed on both sides—the rear face by a slotted cylindrical guard; the front face by a combined gauge and guard. The cutting edge of the blades is guarded by a wide gauge and guard, the inner face of which conforms to the curve of the cutting edges of the arms as they swing, and extend a little in advance thereof. The gauge plate is located far enough from the plane of the blades to afford room for the desired slice and is adjustable toward and from said blades. The cutting edge is not entirely protected on the gauge side, but is substantially so. The gauge travels with the cutting blade. The difficulty to be overcome was the same, no matter what the form and mode of operation of the cutter.

Of the remaining patents which are cited, we need not give a description. More or less specifically, they disclose means for protection from cutting edges. We deem it sufficient for the purposes of this suit to point out the Clement, Smith, and Long patents. These disclose the gist of the alleged conception of Roest. After them there was no field for inventive genius along the line of the Roest patent. While we might, in the absence of any prior art, be able to find invention in lessening the dangers which follow in the wake of the use of rapidly revolving cutting wheels or arms, nevertheless, under the state of the art as produced on the trial of this case, we see no escape from the defense of lack of patentable novelty.

The decree of the District Court is therefore affirmed.