SHERMAN et al. v. H. P. MARINELLI, Limited, et al.

(District Court, S. D. New York. April 22, 1916.)

No. 12–397.

PATENTS ⊂⇒328—VALIDITY AND INFRINGEMENT—THEATRICAL APPLIANCE.

The Sherman & Sherman patent, No. 700,381, for a theatrical appliance for producing dissolving views and transformation scenes on the stage, was not anticipated, discloses invention, and is not limited to the precise features and arrangement shown in the drawings, but is entitled to a reasonably broad construction. Claims 1 and 2 *held* infringed.

In Equity. Suit by John W. Sherman, and Julia Louise Sherman against H. P. Marinelli, Limited, the United Booking Offices of America, and L. Auerbach. On final hearing. Decree for complainants.

Samuel E. Darby, of New York City, for complainants.

Munn & Munn, of New York City (T. Hart Anderson, of New York City, of counsel), for defendants.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HAZEL, District Judge. This is a bill in equity for infringement of letters patent No. 700,381, granted to John W. Sherman and Julia Louise Sherman, May 20, 1902, for improvements in theatrical appliances for producing the combination of an optical and an illusory effect on the stage. The object of the patentee was to provide an appliance—

"whereby dissolving views, transformation scenes, and other spectacular displays and illusions may be presented upon the stage in connection with or separately from suitable theatrical performances, representations, or pantomines."

The elements of the invention are a reflecting screen used in connection with a compartment or cabinet at the side of the stage to disclose to the audience objects or images within the cabinet or compartment thus producing an illusory effect, and a transparent screen used in connection with lights positioned and controlled in such a way as to disclose to the audience persons or objects behind the screen, thus producing an optical effect. Claims 1, 2, and 5 are alleged to be infringed, but it will suffice to set forth the first and second.

"1. In a theatrical appliance of the class described, a transparent reflecting screen arranged upon the stage at an angle with the plane of the front of the stage, said transparent reflecting screen being provided with a foraminous backing, a compartment arranged at one side of said screen, lighting means for said compartment, lighting means arranged rearwardly of said screen, and controlling means whereby the lighting means for said compartment and the lighting means rearwardly of said screen may be varied in relative power.

"2. In a theatrical appliance of the class described, a transparent screen arranged vertically upon the stage at an angle with the plane of the front of the stage, said screen being provided with a foraminous backing, lighting means arranged rearwardly of said screen, and controlling means whereby said lighting means forwardly of said screen and said lighting means rearwardly of said screen may be varied in relative power."

The validity of the patent is uncontroverted, the defendants contending that the claims are narrow and limited to specific features for achieving the result, and that infringement is not proven.

The patentees, however, did not limit themselves as to details of construction, and, indeed, expressly reserved the right to vary or modify them and their arrangement in combination. The prior art makes no disclosures requiring this court to restrict or limit the patent in suit to the precise features and arrangement shown in the drawings attached to the specification. It is true that optical and illusory effects had previously been produced on the stage by means of apparatus and appliances, but I think the evidence shows that the claims in suit disclose a new and novel combination for obtaining such results.

The patent to Bruce, No. 15,192, dated 1886, specifies means for working dissolving view effects. It required two screens, one on the stage, and one underneath the stage, with an opening in the stage floor; the picture or image first appearing on the screen below the stage and then being reflected by means of a glass sheet to the other screen placed at a certain angle to create the appearance of the picture in relief. Such adaptation was considered objectionable, because of the necessity of placing one of the screens under the stage, and also be-

cause the opening in the stage floor was visible to spectators in the gallery.

In the patent to Pepper & Walker, No. 221,605, dated 1879, the illusion was produced by automatically sliding a mirror diagonally across the cabinet, thus shutting one image or object from view and reflecting another. The invention centered around an improved graduated mirror having on its back a series of etched vertical lines, which enabled revealing or obscuring an object gradually, instead of abruptly, as was the case where the mirror was ungraduated. Such adaptation manifestly is wholly unlike complainants' and fails to achieve its result.

Neither of the specified patents are anticipatory of the patent in suit. They do not embody all the elements entering into the combination, nor do they come close enough to require limiting the patent to its precise features. Hence the patentees are entitled to a reasonable construction, and one that will fairly protect them from unlawful appropriations.

As to infringement: In defendants' production the various elements of the combination in suit are, I think, used to perform the same function in substantially the same way as in complainants'. The precise arrangement of the material elements, it is true, is not followed, but the same result is achieved by the use of similar elements. The rule announced by the Supreme Court of the United States in Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935, would seem to apply to the facts under discussion:

"In determining the question of infringement, the court or jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result, always bearing in mind that devices in a patented machine are different in the sense of the patent law, when they perform different functions or in a different way, or produce a substantially different result."

In their adaptation defendants use a reflecting screen arranged on the stage at an angle to the plane of the front of the stage, and though such arrangement is at a different angle from patentees', as the purpose was the same, that is, to reflect an object placed out of sight of the audience, I think said arrangement comes within the scope of the claims. Nor does the cotton screen used by defendants perform a different function from the foraminous backing of the patent in suit; both being used either to increase the reflective power of the transparent screen and prevent the audience from observing the back of the stage, or, if desired, to increase its transparency in order to disclose objects behind it. Moreover, the space in the flies or wings above or at one side of the reflecting medium, and containing a bright light to illuminate the object reflected, and not visible to the audience, is, I doubt not, the equivalent of complainant's compartment or cabinet. The scenic panel above the transparent screen, with the drop and curtain abutting the screen, easily constitute an arrangement corre-

sponding to the compartment or cabinet in question, and perform the same function. So, also, I think that the spot light used by defendants, with the assistance of a moving picture machine to reflect an object or figure on the screen, obliterating wholly or in part the reflection from the scenic panel, is merely another way of controlling the illumination and bringing into view the objects or images back of the screen.

Upon careful review of the evidence, it is my opinion that the several elements used by the defendants are substantially *the same as those used by complainants, and are positioned in a similar way, and therefore their adaptation constitutes an unlawful appropriation.

I sustain the first and second claims, and complainant may enter a decree, with costs. ·