## WILLIAM H. LUTTON CO. v. LORD & BURNHAM CO.

(District Court, S. D. New York. July 9, 1926.)

1. Patents ⬤═328—Patent 1,210,502, claim 7, for sash bar for supporting glass in greenhouses, held valid and infringed.

Patent No. 1,210,502, claim 7, relating to sash bar for supporting panes of glass in greenhouses, with condensation gutters to prevent dripping of moisture from inner surface of glass roof, *held* valid and infringed.

2. Patents ⬤═178—U-bar may be claimed as equivalent of angle bar, where form immaterial to invention.

Patentee of nonpioneer invention *held* entitled to include in claim U-bar as equivalent of angle bar, where form of bar is immaterial to his invention.

3. Trade-marks and trade-names and unfair competition ⬤═3(4)—Term "V-Bar," applied to greenhouse construction, held generic or descriptive, and not subject to exclusive appropriation (Act Feb. 20, 1905 [33 Stat. 724]).

Term "V-Bar," applied to greenhouses manufactured by plaintiff, because of type of construction, *held* generic or descriptive, and not subject to exclusive appropriation as registered trade-mark, under Act Feb. 20, 1905 (33 Stat. 724).

In Equity. Suit by the William H. Lutton Company against the Lord & Burnham Company. Decree for plaintiff in part, and in part for defendant.

Harry B. Rook, of New York City, and Russell M. Everett, of Newark, N. J., for plaintiff.

John K. Macdonald, of New York City (John K. Macdonald and Grant C. Fox, both of New York City, of counsel), for defendant.

GODDARD, District Judge. This suit is brought upon patent 1,210,502 of January 2, 1917, for improvements in greenhouses. It is limited to the seventh claim. The relief asked for and the defense set up are the usual ones in patent cases. Plaintiff also alleges its ownership of the trade-mark "V-Bar," as applied to greenhouses, and its infringement by defendant, both of which allegations are denied in defendant's answer.

[1] Plaintiff's invention relates to a greenhouse construction, particularly a sash bar for supporting the panes of glass and having condensation gutters for conducting away drops of moisture from the inner surface of the glass roof, so as to prevent its dripping upon the plants or contents of the greenhouse. Condensation gutters are quite necessary for the protection of delicate plants and

persons in the greenhouse. Various types of gutters have been used for many years, but apparently have not given very satisfactory results.

Claim 7 reads as follows:

"7. In greenhouse construction, an angle for supporting the glazed medium, having its legs disposed at 45 degrees to the plane of said medium, and a core mounted within the angle, forming a seat for the glazed medium, the legs of the angle forming a joint with said core, and extending there beyond to form condensation gutters between said core and said legs."

The sash bar is illustrated in Figures 1, 3, and 4 of the drawings of the Lutton patent, and is thus referred to in the specification at folios 65–85:

"The angle itself is preferably constructed of galvanized iron, and has mounted in it a core 14, which may be constructed of cypress wood or other suitable material. This core is essentially of inverted T-section, as clearly shown in Figures 3 and 4, having portions adapted to seat against the inner surfaces of the legs of the angle, the opposite sides of these portions being beveled or chamfered and affording a support for the glass 15, adjacent panes being separated by the shoulder 16, which may also carry suitable means, not shown, for holding the glass in place. The legs of the angle extend somewhat beyond the surfaces of the core which seat against them, thus forming gutters 17 adapted to carry the water of condensation down to the sill, and thus preventing any drip from the roof due to the condensation of moisture within the house."

The claim, taken in connection with the descriptive matter, shows that it consists of a combination of three elements:

(1) An angle for supporting the glass, having its legs disposed at 45 degrees to the plane of the glass;

(2) A core of inverted T-section, mounted within the angle, forming a seat for the glass; and

(3) The legs form a joint with said core and extending therebeyond to form condensation gutters between the said core and said legs.

The file wrapper discloses that the patent was issued upon the theory that the first two elements were old, as they were. Pierson patents, Nos. 697,746 and 697,747, had metal bars with wood cores, and metal bars with metal cores; but in Pierson No. 697,747 the gutters were formed wholly in the cores, and in Pierson No. 697,746 the gutters were formed by separate strips of metal attached to the glazing bar. The Pierson patents, which seem to

me to be the nearest approach to the plaintiff's, lack the third element found in plaintiff's patent. In the plaintiff's patent a wooden core is provided, which by itself has no gutters, but, when inserted into the metal bar, forms in combination therewith the condensation gutters. The gutter is made by the legs or sides of the metal bar forming a joint with the core and extending beyond said joint to form condensation gutters between the core and the legs.

This was a new construction in the art. It furnished a glazing bar with condensation gutters, with small obstruction to light, and a cushion seat for the glass, which spaced and also insulated it from the metal bar. Plaintiff used the exact construction of the patent drawing for some two years; then, for the purpose of avoiding the pointed narrow bottom of the gutter, milled the wooden core to make a rounded groove. This hollowing of the sides of the core tended to make the gutter wider, and also to eliminate the clogging at the bottom with dust, which occurred in a wedge-shaped gutter. This hollowing of the core was quite a natural thing to do, and within the skill of an ordinary mechanic, and did not take the bar out of the scope of claim 7, which is silent regarding such detail. Still do "the legs of the angle form a joint with said core and extend therebeyond to make a gutter."

The defendant's King Park bar, Plaintiff's Exhibit 45, and Boonton bar, Plaintiff's Exhibit 34, seem to me to plainly infringe the plaintiff's patent, for it is immaterial whether the result of forming a gutter by having the leg of the metal bar extend beyond the core, be accomplished by using a longer leg or cutting back or milling out the wooden core, so that it is not so long as the leg. The legs of the metal bar or angle still form a joint with the said core and extend therebeyond to form condensation gutters between the said core and said legs.

[2] I think that the defendant's Boonton bar infringes plaintiff's patent, notwithstanding the fact that claim 7 recites "an angle for supporting the glazed medium having its legs disposed at 45 degrees to the plane of said medium, * * *" and the plaintiff's Boonton bar is U-shaped. But it makes no difference, so far as the formation of the condensation gutters are concerned, whether the metal bar has its legs at 45 degrees to the plane of the glazed medium or not. The essence of the invention is the combination of a metal bar with a core seated therein, so that the sides or legs of the bar extend beyond its joint with the core to form condensation gutters between said core and legs. The Pierson patent shows

that U-bars and angle or V-bars have been used interchangeably in greenhouse glazing bars. It is apparent that a U-bar will do equally as well as an angle or V-bar in securing plaintiff's patented condensation gutters, and is an equivalent for the angle bar.

The patentee stated at the end of his description, lines 38 to 43, page 2 of the patent: "While I have illustrated and described only one specific embodiment of my invention, I realize that it is susceptible of wide application, and I do not desire to be limited to the precise construction illustrated and described." The plaintiff was not a pioneer in the art, and his invention should be construed narrowly, but it seems to me that it is to be regarded as an invention, and that his claim is entitled to include this equivalent.

In Winans v. Denmead, 15 How. 330, 14 L. Ed. 717, it is stated: "The reason why such a patent covers only one geometrical form is not that the patentee has described and claimed that form only; it is because that form only is capable of embodying his invention; and, consequently, if the form is not copied, the invention is not used." See, also, Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935; Baldwin v. Abercrombie & Fitch (C. C. A.) 228 F. 895.

[3] Plaintiff claims that in 1912 William H. Lutton adopted "V-Bar" as his trade-mark to identify and indicate greenhouses built by him, and that this use of "V-Bar" has been continued by his successor, the plaintiff, and advertised as its product; that the public has come to understand that by "V-Bar" greenhouses were meant greenhouses which were built by the William H. Lutton Company, and that it has acquired a secondary meaning. It has been registered by plaintiff in United States Patent Office under the Act of 1905 (33 Stat. 724), as No. 195,300, dated February 24, 1925.

Defendant admits that it has advertised and held out to the trade "that it builds greenhouses with V-bar and U-bar types of construction," but that since the expiration of the Pierson patent, No. 697,746, of April 15, 1902, reissued patent 12,129, which expired on April 15, 1919, it insists that it had a right to do so.

After hearing the witnesses and examining the other older glazing frames and the trade journals, my conclusion is that the term "V-Bar" is generic or descriptive, and that the plaintiff has not acquired the exclusive right to describe its products as "V-Bars."

A decree may be entered in accordance with the above, and providing for the usual accounting.