## MACHINE COMPANY *v.* MURPHY.

1. The substantial equivalent of a thing is, in the sense of the patent law, the same as the thing itself. Two devices which perform the same function in substantially the same way, and accomplish substantially the same result, are therefore the same, though they may differ in name or form.

2. The combination, consisting of a fixed knife with a striker and the other means employed to raise the striker and let it fall to perform the cutting function, embraced by letters-patent No. 146,774, issued Jan. 27, 1874, to Merrick Murphy, for an improvement in paper-bag machines, is substantially the same thing as the ascending and descending cutting device embraced by letters-patent No. 24,734, issued July 12, 1859, to William Goodale.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri.

The Union Paper-Bag Machine Company, assignee of William Goodale, to whom letters-patent No. 24,734, for an improvement in machines for making paper-bags, were issued July 12, 1859, and subsequently extended, brought this suit to restrain Merrick Murphy and R. W. Murphy from infringing said letters. The respondents justified under letters-patent No. 146,774, issued Jan. 27, 1874, to Merrick Murphy.

The court below dismissed the bill, whereupon the complainants appealed here.

The remaining facts are stated, and the respective machines described, in the opinion of the court.

*Mr. George Harding* for the appellants.

*Mr. Samuel S. Boyd, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Rights secured to an inventor by letters-patent are property which consists in the exclusive privilege of making and using the invention, and of vending the same to others to be used, for the period prescribed by the Patent Act; and the provision is, that every patent and any interest therein shall be assignable in law by an instrument in writing. Rev. Stat., sects. 4884, 4898.

Letters-patent No. 24,734, bearing date July 12, 1859, were granted to William Goodale, for new and useful improvements in machinery for making paper-bags, as more fully described in the specification. Patents at that date were granted for the period only of fourteen years; but the record shows that the same was duly extended for the further term of seven years from the expiration of the original term, and that the patentee, on the 14th of July, two days subsequent to the extension of the patent, by an instrument in writing, sold and assigned all his right, title, and interest in the patent to the complainants, who instituted the present suit. What they charge is that the respondents are making and using the patented improvement, the title to which they acquired by virtue of the aforesaid written assignment.

Service was made; and the respondents appeared and filed an answer, setting up several defences, all of which are abandoned except the one denying the charge of infringement. Proofs were taken; and the Circuit Court, having heard the parties, entered a decree dismissing the bill of complaint. Prompt appeal to this court was taken by the complainants; and they now assign for error the decree of the Circuit Court in dismissing the bill of complaint, it being conceded that it was dismissed upon the ground that the charge of infringement was not proved.

Machines for making paper-bags are old, as both sides admit; and the evidence in this case shows that they have been constructed by many persons and in various forms for more than twenty years, and with more or less utility. Neither party, in this case, claims to be the original and first inventor of an entire machine of the kind; nor could such a claim, if made, be sustained, in view of the admitted state of the art. Improvements in various parts of such a machine are claimed by the assignor of the complainants; but, inasmuch as the charge of infringement is confined to the first claim of the patent, it will be sufficient to describe the nature and operation of the principal device embodied in that claim, without attempting to give any minute description of the other parts of the machine.

Seven claims are annexed to the specification, the one in question being described in substance and effect as follows: Making the cutter which cuts the paper from the roll in such form that in cutting off the paper it cuts it in the required form to fold into a bag without further cutting out.

Such a machine, of course, has a frame which supports all its parts, and it also has a table to support the paper as it is unwound from the roll and moved forward under the cutter. Prior to the operation, the roll is prepared, being of the proper width to fold lengthwise and form the bag. Feed-rollers are arranged in the machine, for moving the paper under the cutter as it is unwound from the roll, the cutter being attached to a horizontal bar, and working within vertical guides erected on opposite sides of the machine. Operating vertically, as the cutter does, it will be sufficient to state that it derives its upward movement from two cams on a constantly rotating horizontal shaft, and that it descends by its own weight, which is sufficient to cause the cutting of the paper by the cutter, the descent taking place during the intermissions between the feeding movements of the paper.

Devices and means for forming the bag of the desired length and width are also shown in the specification and drawings, together with the devices and means for effecting the side-lapping over the device called the former, and the devices and means for pasting one edge of the same by passing it over a paste-roller, which causes it to adhere so as to form the seam when

the edges of the blank are folded over by the lappers. Both the sides of the blank, so called, and the lap at the bottom are pasted by the means described in the specification; but it is unnecessary to enter into these details in this investigation, as the charge of infringement is limited to the first claim.

Evidence of a satisfactory character is exhibited to show that the assignor of the complainants was the first person to organize an operative machine to make paper-bags from a roll of paper in the flat sheet by a transverse cut across the same with a knife having five planes, so that the blanks, so called, when cut and folded, will present a paper-bag of the form and description given in the specification and drawings of the patent.

Wide differences exist in the arrangement of the devices composing the operative parts of the respondents' machine in question, from those exhibited in the machine of the complainants; but the frames are not substantially different, and the machine of the respondents has two uprights which afford bearings for the shaft and for the roller on which the paper is wound, and for two sets of feed-rollers which perform the same function as the feed-rollers in the complainants' patent. Instead of the cutter arranged to ascend and descend, as described in the complainants' specification, the respondents have a knife with a serrated edge, which is attached to the bed beneath the shaft on a line with the feed-rollers, lying on its side, so that the paper, when moved by the rollers, will pass freely over it, as it extends slightly beyond the edge of the bed. Being attached to the bed, the knife, though it is substantially in the form of the cutter employed in the complainants' machine, neither rises nor falls, nor would it perform any function whatever in the machine were it not for the striker, which is a straight piece of metal with a blunt edge made to revolve with the shaft, which, by the aid of certain other devices, first causes it to rise, and then throws it sharply down in such a manner that it makes a vertical blow upon the paper, causing the knife to sever it as effectually as the cutter does in the complainants' machine, showing that the two devices, to wit, the knife and the striker, operating together, perform the exact same function as that performed in the complainants' machine by the ascent and descent of the cutter.

Argument to show that the form of the knife and the cutter are substantially the same is quite unnecessary, as that is proved to a demonstration by a comparison of the two devices. Nor can it make any difference that the cutter is made to cut the paper by its own gravity, while the knife is made to cut by the fall of a device which performs no other function than to fall upon the paper at the proper moment, and cause the stationary knife to cut for the same purpose.

Decided support to that proposition is found in the testimony of the expert witness examined for the complainants. He testifies that he finds in the patent of the respondents the representation of a cutter for forming paper-bags, so shaped that, in the operation of separating the blanks from the roll of paper in the formation of bags, it will perform the same function as the cutter in the complainants' machine; giving as his reason for the conclusion, that the serrated edge of the knife, as it is there called, is so shaped as to form a blank for the bags, so that the seam may be made in the middle of the bag, and that the bottom is provided with a lap so that both parts may be firmly pasted together, and the top provided with a lip for the convenience of opening the bag when it is used.

Explanations of a valuable character are also made by the same witness in respect to the particular form of the knife employed by the respondents in their machine when used to form the lip at the top or bottom of the bag. Speaking of the fact that the knife used by the respondents has serrations or teeth of different degrees of depth, he says that their outer points all coincide with the same straight line across the paper, and that the operation of cutting, when it has progressed to the depth of the small teeth in the knife, becomes substantially the same as that performed by the cutter in the complainants' machine, for the reason that the rest of the cutting is continued by a series of cutting edges that have a lap at the bottom and a lip at the top, or, in other words, the cutting that is commenced in a straight line ceases as soon as the small teeth cease to cut, and then the coarser teeth continue the cutting operation down to their full extent, and constitute a cutter substantially like the one employed in the complainants' machine.

Suppose the explanation last given is too theoretical for prac-

tical application, still we are all of the opinion that the knife and the striker employed by the respondents perform substantially the same function as the cutter in the complainants' machine, with the devices for raising it up and letting it drop upon the paper as it is moved forward by the rollers.

Except where form is of the essence of the invention, it has but little weight in the decision of such an issue, the correct rule being that, in determining the question of infringement, the court or jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result, always bearing in mind that devices in a patented machine are different in the sense of the patent law when they perform different functions or in a different way, or produce a substantially different result.

Nor is it safe to give much heed to the fact that the corresponding device in two machines organized to accomplish the same result is different in shape or form the one from the other, as it is necessary in every such investigation to look at the mode of operation or the way the device works, and at the result, as well as at the means by which the result is attained.

Inquiries of this kind are often attended with difficulty; but if special attention is given to such portions of a given device as really does the work, so as not to give undue importance to other parts of the same which are only used as a convenient mode of constructing the entire device, the difficulty attending the investigation will be greatly diminished, if not entirely overcome. *Cahoon* v. *Ring*, 1 Cliff. 620.

Authorities concur that the substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape. Curtis, Patents (4th ed.), sect. 310.

Apply that principle to the case before court, and it is clear that the knife in the respondents' machine, when considered in connection with the striker, is substantially the same thing as the cutter in the machine of the complainants when put in operation by the means employed to raise it and let it fall to perform the cutting function, without which the machine would be of no value.

Tested by these considerations, it is clear that the decree of the Circuit Court is erroneous, even if the construction of the patent is that which the respondents assume it to be, as they do not contend that the claim for the cutter used by the complainants, as embodied in the first claim of their patent, is invalid.

The decree will be reversed, and the cause remanded with directions to enter a decree in favor of the complainants, and for further proceedings in conformity with the opinion of this court; and it is

*So ordered.*