## NEW YORK BUNG & BUSHING CO. *v.* HOFFMAN.

*(Circuit Court, S. D. New York.* September 29, 1881.)

1. REISSUE—TOO BROAD—INVALID.

Where the original patent is for a particular form of wooden bushing in an iron one, a reissue for any form is broader than the original, and invalid.

2. LETTERS PATENT—BUSHINGS FOR FAUCET-HOLES.

Reissued letters patent No. 8,483, for an improvement in bushings for faucet-holes, is invalid.

In Equity.

*Wyllis Hodges,* for plaintiff.

*Preston Stevenson,* for defendant.

WHEELER, D. J. This suit is brought upon letters patent No. 141,473, dated August 5, 1873, issued to Samuel R. Thompson for an improvement in bushings for faucet holes, and reissued November 12, 1878, in No. 8,483, to William C. McKean, George H. Jackson, and Jefferson Brown, Jr., assignees, and now owned by the plaintiff. The principal defences set up are that the original patent was void for want of novelty; that the reissue is for an invention different from that described in the original; and that the defendant, in what he does, does not infringe. The only anticipations necessary to be noticed are—

The English patent to William Rowland Taylor, dated August 6, 1864, and sealed February 3, 1865, for, among other things, the employment in beer barrels of peg holes, smallest in the middle of the stave, and conical both outward and inward; the patent of the United States to John Ruegg, assignor to J. G. Marriott, No. 70,024, dated October 22, 1867, for a wooden bung,

screwed into an iron casing or bushing, having screw-threads on both its outer and inner circumference, and screwed into the stave of beer barrels; the patent No. 111,352, dated January 31, 1871, issued to Josiah Kirby, for wooden bungs with a hole in the middle, for a vent-tube, filled with a plug, both bung and plug being made with the grain of the wood running horizontally; and the patent No. 123,789, dated February 20, 1872, to Otto Netzan and John F. Heck, for an elastic bushing for faucets, tapering towards the interior of the barrel, both on its outer and inner circumferences, with a shoulder on the inside, at the inner end, to bear against the inner end of the faucet.

The original patent of Thompson was for a wooden bushing having the hole for the faucet smallest in the middle, and conical both outward and inward, screwed into another bushing or casing made of iron, with screw-threads, to be screwed into the barrel. The claims were for the bushing, constructed and arranged as described, and for the combination of the bushing and casing, constructed and arranged as described, for the purposes specified. The specification of the reissue states that "the invention consists, broadly, in a device composed of a rigid sleeve or casing to be inserted within the faucet hole, and provided with a yielding lining;" and the claims are for a compound bushing for faucet holes of barrels consisting of a rigid sleeve or casing, and a yielding lining, as set forth, and the combination of a casing and a lining having a double-levelled internal formation, as shown and described, and for the purpose set forth.

The defendant sells beer in casks, having iron casings screwed into the staves, for the bung, like that in the Ruegg patent, and like that for the wooden bushing in the plaintiff's patent, with bungs having a hole nearly but not quite through them, in the center, filled with a plug to be driven in by a vent-tube, carrying with it the solid portion of the bung opposite, when the barrels are tapped, like the bungs described in patent No. 148,747, dated March 17, 1874, and reissued in No. 5,937, dated June 30, 1874, to Rafael Pentlarge, for an improvement in bungs for casks. When these bungs are so tapped by the insertion of the vent-tube, the remaining portion of the bung, with the iron casing about it, forms a compound bushing of wood within iron, for the vent-tube, similar to that described in the plaintiff's reissued patent for faucets; and the defendant sells the beer in casks provided with such bungs and casings, intending and expecting that the bungs will be so tapped with vent-tubes and used until the beer is withdrawn, and that then the barrels will be returned to be refilled and supplied with new bungs and the process repeated.

It is true, as has been argued for the defendant, that the double-conical hole for the faucet is shown in the double-conical peg hole

in the patent of Taylor, and the rigid casing for the wooden bushing in the iron casing for the wooden bung in the patent of Ruegg, the simple wooden bushing of the reissue in the yielding bushing of the patent of Netzan and Heck, and the wooden bushing of a vent-tube driven through a bung in the patent of Kirby; but still, as argued for the plaintiff, no one of these shows all the elements of this invention as shown in either the original patent or the reissue. None of them had a yielding bushing like one made of wood in an iron outer bushing or casing, forming a compound bushing yielding to the faucet or vent-tube, and rigid and supporting to the barrel, as the plaintiff's bushing and casing is. It is also true, as has also been argued for the defendant, that the defendant does not himself make or use, or vend to others to be used, the whole patented invention of the plaintiff, so but that, if the whole stopped where he stops, there would be no infringement. But it does not stop there. He furnishes the means which afterwards became, and intended they should become, the compound bushing described in the reissued patent, and in that manner directly procured the infringement to be done, if any was done, by those tapping the bungs to draw the beer; and he is himself liable, if any one is, for that infringement. *Wallace* v. *Holmes*, 9 Blatchf. 65; *Cotton Tie Supply Co.* v. *McCready*, 17 Blatchf. 291. So the original patent was valid, and the reissued patent is infringed; and the turning question in the case is whether the original patent will support the reissue.

The original patent described a wooden bushing inside an iron one, or a yielding one inside a rigid one, and if the description had been general, as this statement is, it would have covered what the reissue describes and claims broadly. Such, however, is not the case. The original describes the double-conical form of wooden or yielding bushing only, and this form is described to be of the very essence of that part of the invention, and of the combination of which the wooden bushing was an important part. Thompson was not the original inventor of bushings, nor of wooden bushings, nor of iron bushings, for which any patent has been granted underlying all others of either class, so as to give a monopoly of them. He is subsequent to Taylor, Ruegg, and Kirby, and could only have a patent for what was distinguishable from their inventions, and his patent could be valid only for that. *Railway Co.* v. *Sayles*, 97 U. S. 554. The form of the wooden bushing was an important part of what so distinguished it, and when form is of the substance of an invention, it is not to be disregarded. *Machine Co.* v. *Murphy*, 97 U. S. 120. Thompson in-

vented a particular form of wooden bushing encased in an iron one, and took a patent for that, describing no other. The reissue is for any form of wooden bushing in an iron one; that is, for an invention not described in the original. If he had discovered, as he now has, that other forms were useful, he might doubtless have had a patent covering them, or, if he had described them in his patent, had a valid reissue covering them; but he did not do either.

Let there be a decree dismissing the bill, with costs.