GEORGE FROST CO. et al. v. SILVERMANN et al.

(Circuit Court, W. D. Pennsylvania. May 31, 1894.)

No. 25.

1. PATENTS—INFRINGEMENT—ADJUSTABLE GARTERS.

A patent for a stocking supporter consisting of a strip of elastic webbing extending partially around the limb, and having its two ends connected by a loop of cord, which renders freely through its connections with the ends of the webbing, and to which is attached a clasp to hold the garment to be supported, is infringed by a device which differs only in the substitution of a chain loop for the loop of cord, and in allowing the clasp to render freely on the loop, instead of being rigidly fixed thereto, as in the patent.

2. SAME.

The Brown patent, No. 210,666, for an improvement in stocking supporters, construed, and *held* valid and infringed.

This was a suit by the George Frost Company and Mary G. Brown against William Silvermann and others for infringement of patents. Complainants moved for a preliminary injunction.

Frederick P. Fish, for complainants.

H. A. Seymour, for defendants.

ACHESON, Circuit Judge. The plaintiffs sue for infringement of letters patent No. 210,666, dated December 10, 1878, granted to F. Barton Brown, for an improvement in stocking supporters. The patent shows and describes a garter consisting of a strip of elastic webbing extending partially around the limb, and having its two ends connected by a loop of cord which renders freely through its

connections with the ends of the webbing, and attached to the loop
is a clasp to hold the garment to be supported; the loop forming a
connection between the clasp and the band of webbing, and a ren-
dering, self-adjusting connection between the ends of the webbing.
The garter thus easily and automatically accommodates itself to
varying lengths of stockings, and to differences in the size and
length of limbs of the wearers, and is free from any slip-noose ac-
tion, to impede the circulation or produce discomfort. In the spec-
ification the patentee states:

"The gist of my invention consists in the use of the cord, C, as a means for
connecting together the two ends of the webbing, A, and also for connecting
the clasp, E (or other device for holding the stocking or sleeve), with the
webbing, A; the cord, C, constituting a flexible, rendering connection between
the ends of the webbing, A."

The claim is as follows:

"The webbing, A, and clasp, E, in combination with the cord, C; the cord,
C, adapted, not only to connect together the ends of the webbing, A, but also
to connect the clasp, E, with the webbing, A, all as described."

None of the earlier patents or exhibits illustrative of the prior art
shows the self-adjusting qualities of the garter of the patent in suit.
In construction and principle of operation, the complainants' garter
was new. It has met with extraordinary public favor. The com-
plainants' annual sales of the article probably exceed the sales by
all other manufacturers of all other kinds of garters put together.
The proof of public acquiescence in the validity of the patent is
unusually strong, and furnishes a firm basis for a preliminary injunc-
tion. Blount v. Societe Anonyme du Filtre, 3 C. C. A. 455, 53 Fed.
98, 102. There is no serious dispute as to the facts of the case. It
only remains, then, to inquire whether the defendants infringe.

In form of construction and mode of operation, the defendants'
garter is identical with the garter shown and described in the
patent in suit. We find in the two garters substantially the same
elements, combined in the like manner, and producing the same re-
sult. The only differences are that, instead of a fibrous cord for con-
necting the two ends of the webbing, the defendants have substitu-
ted a metallic chain, composed of bead-like links flexibly connected
with one another, and their clasp is free to render upon this loop
of chain, whereas in the patent drawing the clasp seems to be rigidly
fixed to the ends of the cord. The latter feature, however, does not
enter into the claim of the patent, and it is wholly immaterial to
the desired result whether the clasp is rigidly attached to the loop,
or renders thereon. It is very doubtful whether this formal varia-
tion in the manner of attaching the clasp to the loop is any im-
provement, but, even if it be so, the defendants do not thereby
avoid infringement. Now, cords and chains, as appears from the
proofs (and as, indeed, is commonly known), are interchangeable
mechanical equivalents for a great variety of purposes. The
change from a fibrous cord to a flexible chain affects neither the
form of construction, the mode of operation, nor the result. The
chain loop performs the exact function that the cord loop does, and
in precisely the same way. This is, I think, a plain case of equiv-

alency. The gist of the invention, as defined in the specification of the patent, is found in the defendants' garter.

In Winans v. Denmead, 15 How. 330, 342, the supreme court declared:

"It is generally true, when a patentee describes a machine, and then claims it as described, that he is understood to intend to claim, and does by law actually cover, not only the precise forms he has described, but all other forms which embody his invention; it being a familiar rule that to copy the principle or mode of operation described is an infringement, although such copy should be totally unlike the original, in form or proportions."

In the late case of Hoyt v. Horne, 145 U. S. 302, 308, 12 Sup. Ct. 922, this doctrine was so applied as to condemn, as an infringement, a machine which departed from the letter of the claim in substituting a vertical for a horizontal device. In Machine Co. v. Murphy, 97 U. S. 120, 125, it is said that the—

"Authorities concur that the substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape."

These authorities quite justify our conclusion that the defendants' substitution of a chain for the cord does not take their garter out of the scope of the Brown patent.

A preliminary injunction will be allowed.