## FINCH CORPORATION v. STELOS CO., Inc.
### No. 5206.

Court of Appeals of District of Columbia.

Argued Nov. 4, 1930.

Decided Jan. 6, 1931.

Frederick Schafer and Stanley W. Finch, both of Washington, D. C., for appellant.

Henry Gilligan and V. E. Hodges, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District holding valid and infringed as to claim 23 reissued letters patent of the United States, issued to appellee, the Stelos Company, as assignee of Frank C. Stevens, for new and useful improvements in a needle and method of use (No. 16,360), and granting incidental relief.

In his specification, Stephens says: "In repairing the runs or ravels in knitted goods, other needles have been used, but they are not practical, as the method of use is a tedious one, and trying both to the eyes and patience of the operator. In other methods, the fabric is stretched over the finger tip, making it difficult to insert the hook beneath the thread. This objection is obviated in the present invention by stretching the fabric over a porcelain dish, allowing sufficient depth for the free use of the needle."

Claim 23 reads as follows: "An improved method of repairing runs or ravelings in a fabric which consists in stretching the fabric over a suitable holder, inserting a repairing device having a hook and pivoted latch through a loop formed in the run or raveling, continuing this movement on through the fabric while holding the device laterally out of alignment with the run or raveling until the loop has slid back over the end of the latch and beneath the latter, then reversing the movement of the device through the loop, catching the next forward thread in the hook while the loop is being pulled over the latch causing the latch to close over the thread, and the loop to be cast off over the end of the device, the thread caught in the hook thereupon forming a new loop, taking the place of the first-described loop, then reinserting the device into the fabric as before, and repeating the operation until the run or raveling has been repaired, and finally fastening the thread."

The method defined in this claim has superseded other methods in repairing runs in hosiery. Prior thereto the stocking was stretched over the finger, and the process was necessarily slow and trying to the eyes. After watching the repair of a stocking by the old method, Stevens undertook to devise a means of inserting the needle through the fabric in an up and down reciprocating motion. After several months' experimentation, he perfected the method of the claim, the opening words of which are: "An improved method of repairing runs or ravelings in a fabric." Such is the declared object of the invention. An element of prime importance in the method "consists in stretching the fabric over a suitable holder." Stevens was the first to discover and disclose this element, the use of which (it is not too much to state) has revolutionized the art. Its simplicity, now that Stevens has disclosed it, causes wonderment that it had not been discovered before, "but the law has other tests of the invention then subtle conjectures of what might have been seen and yet was not. It regards a change as evidence of novelty, the acceptance and utility of change as a further evidence, even as demonstration." Diamond Rubber Co. v. Consol. Tire Co., 220 U. S. 428, 435, 31 S. Ct. 444, 447, 55 L. Ed. 527.

Appellant contends that "no invention was required to take a machine pivoted latch needle and reknit a fabric by hand in the same manner as the needle is used in knitting the fabric by the machine." The trouble is with the premise, for the two problems are quite different. In the manufacture of the fabric a complicated machine, with a gang of needles, is employed. In it a continuous thread is laid successively in the path of one needle in the gang after another, and that thread is knit, loop after loop, forming a row of loops across the edge of the forming fabric, one complete row after another and on another, the fabric growing in length with the

addition or accretion of each successive row of loops or stitches. It is an altogether different matter to repair a drop-stitch or run, in the midst of a fabric, in which no new thread is fed or knit in, but a thread already there is relooped and restored to place and finally fastened. Were it possible satisfactorily to repair a run by the use of a stocking knitting machine, it is evident that appellant would have used the machine instead of the method of the patent. It is also apparent that others would do likewise. In other words, the method of the patent would be valueless.

The successfully opposed British patent to Pogson, No. 168,817, and the British patent to Walker, No. 19,115, are relied upon as anticipations. These references were before the Patent Office during the prosecution of the Stevens application.

The Pogson specification discloses no cup, and the method there set forth "consists in looping or knitting each portion of the thread or yarn forming the ladder with the succeeding portion and securing the last loop formed at the end of the ladder with the succeeding portion, such as, by a piece of thread or yarn corresponding to the article." There is no disclosure of a cup or holder, the element that imparts novelty to the claim in suit.

The Walker patent "relates to an improved needle for use in making rugs and mats by hand." It contains no disclosure of the method of the patent in suit.

Appellant further contends that, by the use of a sliding latch needle instead of the pivoted latch needle of the claim, infringement is avoided. In practicing the method of the claim the two needles perform the same function, one swinging over a small arc, and the other swinging in a straight line. The purpose of each is to hold back one loop while the next cross-thread of the ladder is hooked. Both close the hook and impound the cross-thread on the reverse or upward movement of the needle. Both then form a bridge over which the loop is finally cast in the final restoration of another loop formed in this way from the hooked cross-thread. Appellant employs the element of the patent that imparts novelty to it, namely, the cup and its method of use, and may not avoid infringement by the use of elements slightly different from other elements of the claim but which perform the same function in substantially the same way.

In determining the question of infringement, the court should "find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result. * * *" Union Paper Bag Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935.

The inventor of a method is not bound to describe all the many forms of apparatus by which it may be practiced in order to secure to himself exclusive right to the method. Tilghman v. Proctor, 102 U. S. 707, 728, 26 L. Ed. 279. In the sense of the patent law, the substantial equivalent of a thing is the same as the thing itself. If two devices do the same work in substantially the same way and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape. Sanitary Refrigerator Co. v. Winters, 280 U. S. 30, 42, 50 S. Ct. 9, 74 L. Ed. 147.

The decree is affirmed, with costs.

Affirmed.