INTERNATIONAL–STACEY CORPORA-
TION v. UNITED STATES.

No. 44276.

Court of Claims.

Jan. 5, 1942.

398

Samuel Scrivener, Jr., of Washington, D. C. (William S. McDowell, of Columbus, Ohio, and Albert R. Grobstein, of Washington, D. C., on the brief), for plaintiff.

Paul P. Stoutenburgh, of Washington, D. C., Walter J. Blenko, of Pittsburgh, Pa., and Francis M. Shea, Asst. Atty. Gen. (T. Hayward Brown, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice and LITTLETON, WHITAKER, JONES and MADDEN, Judges.

LITTLETON, Judge.

In view of the facts clearly established by the evidence of record, which facts so far as pertinent to the questions of validity and infringement now before the court are set forth in the findings, we are of opinion that claim 4 of the patent in suit is invalid under the prior art; that claims 5 and 7 as specifically limited are not applicable to the alleged infringing structure, and that if these claims are so interpreted as to disregard the specific limitation contained therein they, also, will be invalid in view of the prior knowledge and uses (findings 35, 36, and 37).

Claims 4, 5, and 7, which plaintiff alleges have been infringed by the defendant, are set forth in finding 9. These claims relate particularly to a ground screen used in connection with a radio broadcasting tower or antenna for reflecting electrical energy, which would be normally lost in the absence of such screen, and returning it to the tower. The disclosures of the patent in suit are set forth in finding 8. The description of the alleged infringing radio broadcasting tower and ground screen manufactured for and used by the defendant is set forth in findings 13, 14, and 15. The antenna of the alleged infringing structure comprises a vertical metallic tower, pyramidal in shape and of approximately square cross-section mounted on a concrete base extending two feet above the ground surface. An insulator is interposed at each of the corner legs of the tower and a center strain insulator is provided, all of which function to insulate the radiating portion of the tower from the earth. These insulators are located in a plane eight feet above the concrete base of the tower and ten feet above the ground.

Associated with each antenna tower is a conventional buried ground system comprising wires extending radially in all directions from the tower and connected to the grounded side of the exciting means for the tower. In addition, a metallic framework supports a horizontal reticulated metal netting or screen which is positioned approximately two feet below the insulators of the tower and eight feet above the surface of the ground. This screen is approximately 50 feet square, the length of each side thereof being approximately eight times the length of each side of the tower, the spacing of the tower legs being six feet. This screen is grounded by being

electrically connected to the buried ground system at the center and at the periphery of the screen. This ground screen so used in the Government structure possesses the dual function of providing a uniform electrostatic capacity for each radio broadcasting tower regardless of varying heights of snow or vegetation in the vicinity of the tower and for reflecting energy, which would be normally lost in the absence of such a screen, and returning it to the tower.

The terminology of claim 4 of the patent in suit is applicable to the Government structure. Claim 4 is as follows: "A wave antenna tower comprising a plurality of upright members interconnected by rigid structural members, said tower being of pyramidal form with the lower base ends thereof, insulated from the ground by insulators, and means below said insulators for reflecting energy normally lost and returning it to the tower."

Claims 5 and 7 of the patent in suit contain phraseology specifying a definite relationship or location of the screen with reference to the insulators of the radio antenna tower and the phraseology of these claims as so limited is not applicable to the Government structure in which the alleged infringing screen is located two feet below the tower insulators. These claims are as follows:

"5. In a radiating tower antenna, a base support, insulators mounted on said support, and a condenser formed by metallic members on the opposite ends of said insulators comprising a grounded electrically conducting metallic plate *disposed on the ends of the insulators closer to the ground* and a metallic tower structure disposed above said insulators." [Limiting phraseology italicized.]

"7. In a radiating tower antenna, a base support, insulators mounted on said support, and a condenser formed by metallic members on the opposite ends of said insulators comprising a grounded electrically conducting metallic plate member *disposed* in a plane substantially perpendicular to the axis of said tower *on the ends of the insulators closer to the ground* and a metallic tower structure disposed above said insulators." [Limiting phraseology italicized.]

If the specific limitation of these claims that the ground screen or metallic plate be "disposed on the ends of the insulators closer to the ground" is interpreted to mean only that the screen or plate be placed below the tower insulators, the phraseology of these claims would be applicable to the Government structure.

As set forth in finding 8, the patent in suit discloses a conventional vertical radiator in the form of an antenna tower, rectangular in shape, formed of structural steel members and girders having a relatively broad base tapering to a narrow top. The entire structure is provided with a plurality of insulators at the base of each leg of the tower. Mounted upon each end of the insulators there is a shield or screen which functions as a condenser. The entire system is supported above ground on a foundation structure. Screen 6, fig. 1, finding 8, with which this suit is concerned, is connected at a multiplicity of points along its boundary or edges by leads to a conventional buried ground system which, as stated in the patent, may be either radial or a grid of wires. Such a screen is known in the art as a grounded counterpoise and was claimed as such during progress of the application resulting in the patent in suit. The drawings of the patent give no indication of the extent of the ground system, except that it was substantially co-extensive with the ground screen. The specification gives no indication of the extent of this ground system, other than it is a conventional one. There is no indication in the patent of the height of the base for the tower, nor the elevation of screen 6 above the surface of the earth, other than the statement in line 50, page 1, of the patent that "this screen being placed slightly above the surface of the ground, shields and prevents the intense electric field from existing at the surface of the ground." The testimony of plaintiff's witnesses, including that of the patentee, with respect to the elevation of the screen above ground is that the screen will function properly if laid "right on the surface of the ground" and that the distance of the screen above the ground is not of any importance as long as the screen is above the ground.

None of the claims in suit specify the exact manner in which the screen or counterpoise is grounded, the height the screen or counterpoise is above the surface of the earth, or the size or configuration of the screen or counterpoise, or the character of materials employed in the construction of the screen or counterpoise.

A consideration of the prior patents, publications, and uses described and discussed in findings 21 to 34, inclusive, shows that the principle and purposes with which the

patent in suit deals were fully described and disclosed in patents and publications antedating the patent in suit. These prior patents, publications, and the prior uses set forth in findings 32 to 34, inclusive, disclosed and employed means for meeting and overcoming the problem of loss of energy around the base of a radio antenna tower in a way and by means identical with the means described and claimed in the patent in suit. They accomplished the same result. When tested by these disclosures it is clear, we think, that the patent in suit does not disclose or claim any new or novel device or means involving invention. Sections 4920 and 4886, R.S., 35 U.S.C.A. §§ 69, 31; Smith v. Nichols, 21 Wall. 112, 22 L.Ed. 566; Union Paper-Bag Machine Co. v. Murphy, 97 U.S. 120, 24 L.Ed. 935; Bates v. Coe, 98 U.S. 31, 25 L.Ed. 68; Cantrell v. Wallick, 117 U.S. 689, 6 S.Ct. 970, 29 L.Ed. 1017; Morley Sewing Machine Co. v. Lancaster, 129 U.S. 263, 9 S. Ct. 299, 32 L.Ed. 715; Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523.

█ It is clear from the record that the claims of the patent in suit, as interpreted by plaintiff's witness, if antedating the patents, publications, and uses set forth and described in the findings would be infringed by radio antenna towers and ground screens constructed in accordance with the disclosures and directions in the other patents, publications, and the screens actually used. Inasmuch, however, as these other patents, publications, and uses antedated the patent in suit, it is invalidated, because that which would infringe if later will anticipate if earlier. Peters v. Active Manufacturing Co., 129 U.S. 530, 9 S.Ct. 389, 32 L.Ed. 738; Knapp v. Morss, 150 U.S. 221, 14 S.Ct. 81, 37 L.Ed. 1059; Miller v. Eagle Manufacturing Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121. The proof shows that the radio antenna ground screen claimed in the patent in suit is the same, or substantially the same, as ground screens previously described and used, and that it performs the same function in the same way to obtain the same result. Roberts v. Ryer, 91 U.S. 150, 23 L.Ed. 267; Sewall v. Jones, 91 U.S. 171, 23 L.Ed. 275; Burt v. Evory, 133 U.S. 349, 10 S.Ct. 394, 33 L.Ed. 647; Brown v. Davis, 116 U.S. 237, 6 S.Ct. 379, 29 L.Ed. 659; Egbert v. Lippmann, 104 U.S. 333, 336, 26 L.Ed. 755; Electric Storage Battery Co. v. Shimadzu et al., 307 U.S. 5, 20, 613, 616, 59 S.Ct. 675, 83 L.Ed. 1071.

The facts further established by the record clearly show that prior to the effective date of plaintiff's invention those skilled in the art had knowledge that both the conductivity and dielectric constant of the earth affected the distribution of current adjacent to the radio antenna and that loss of energy was likely to occur by penetration of the lines of force through the earth to a buried ground system; that a variation in the pattern of the radiated waves from the antenna would be caused by variations of conductivity in various portions of the ground under or adjacent to the base of the radio antenna tower; and that a metallic ground screen located under the antenna, elevated above the surface of the ground, and grounded at various points in its periphery, would function to reduce the above-mentioned effects and would therefore return or reflect energy to the antenna which would otherwise be lost. The proof further establishes that the beneficial effect of ground screens located at the base of the antenna was well known to those skilled in the art and that the utilization of such a ground screen in connection with a pyramidal tower antenna, such as is disclosed in the prior art (finding 21) would not produce any novel or unforeseen result and would not involve invention.

For these reasons, claim 4 of the patent in suit is invalid.

█ Claims 5 and 7, as specifically limited by the language thereof, as heretofore mentioned, have not been infringed by the defendant but if they are so interpreted, as plaintiff contends they should be, as to disregard the specific limitation that the ground screen or metallic plate member be located *on* the ends of the insulators, they are, likewise, invalid in view of the prior knowledge and use of ground screens located at the base of the antenna. The plaintiff cannot assert a broad construction of its claims in order to make out a case of infringement, and then narrow them so as to avoid anticipation. White v. Dunbar, 119 U.S. 47, 51, 52, 7 S. Ct. 72, 30 L.Ed. 303; Smith v. Hall, 301 U.S. 216, 232, 57 S.Ct. 711, 81 L.Ed. 1049.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

MADDEN and JONES, Judges, and WHALEY, Chief Justice, concur.

WHITAKER, Judge, took no part in the decision of this case.