**INDUSTRIAL INSTRUMENT CORPO-RATION, Appellant,**

v.

**The FOXBORO COMPANY, Appellee.**

**No. 18866.**

United States Court of Appeals Fifth Circuit.

Dec. 5, 1962.

Rehearing Denied Jan. 15, 1963.

Joe E. Edwards, Houston, Tex., for appellant.

Garrett R. Tucker, Jr., Frank B. Pugsley, Houston, Tex., Daniel L. Morris, William C. Conner, Arthur V. Smith, New York City, for appellee.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

PER CURIAM.

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be, and the same is, hereby denied.

Our opinion of September 6, 1962 is modified as follows with reference to the holding relative to infringement of claim 6 of patent 2,762,393. The stop or stacking rings in the accused device are the equivalent in function and result of the valve means set out in claim 6. The recited valve means is the over range stop which halts movement of the end wall of the low pressure bellows to prevent rupturing when the bellows is subjected to excessive pressure. The Union Paper Bag Machine Company v. Murphy, 1878, 97 U.S. 120, 24 L.Ed. 935; Graver Tank & Mfg. Co. v. Linde Air Products Co., 1949, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097; and Bryan v. Sid W. Richardson, Inc., 5 Cir., 1958, 254 F.2d 191. Such finding as the trial court made to the contrary in this regard is clearly erroneous to the extent necessary to hold it so. See footnote 2, main opinion. This is in light of the fact that appellant was entitled to a wider range of equivalents than that accorded by the court.

The accused device embodies equivalents of all of the elements of the claim. No single element is omitted. The claim was infringed by the accused device. Walker on Patents (Deller's Edition) § 482.

Costs are taxed one half on appellant and one half on appellee.