BOWSER, INC., an Indiana Corporation,
Appellant,

v.

FILTERS, INC., a California Corporation,
Engineered Fabrications, Inc., a Califor-
nia Corporation doing business under
the style of Enfab, Inc., and Lucian W.
Taylor, Appellees.

No. 21466.

United States Court of Appeals
Ninth Circuit.

May 20, 1968.

Clarence E. Threedy (argued), of Threedy & Threedy, Bernard Hoban, Chicago, Ill., Lawrence Livingston, of Livingston, Borregard & Grant, San Francisco, Cal., for appellant.

L. N. Duryea (argued), of Duryea, Carpenter & Barnes, Santa Ana, Cal., Harlow P. Rothert, of Cushing, Cullinan, Hancock & Rothert, San Francisco, Cal., Donald R. Fraser, of Wilson & Fraser, Toledo, Ohio, for appellees.

Before DUNIWAY and ELY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge:

Bowser, Inc., owner of the Marvel patent for a fiber glass filter used in separating water from aviation fuel, brought an action for infringement against Lucian W. Taylor, the inventor of a competing filter, Engineered Fabrications, Inc., doing business as Enfab, Inc., who, under Taylor's control, did research on the development of the competing product and Filters, Inc., who manufactured it. The trial court found that there was no infringement and that the Taylor filter did not come within the claims of the Marvel patent. The question raised by the appeal is whether or not there was sufficient evidence to support these findings. We affirm.

To determine whether or not the Taylor filter infringes the Marvel patent, it is standard procedure in patent cases to compare the specifications of the accused product with the language of the patent claim. "If the accused matter falls clearly within the claim, infringement is made out and that is the end of it." Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 607, 70 S.Ct. 854, 855, 94 L.Ed. 1097. To protect patents against infringement by similar products which vary in some insubstantial way from the language of the claim, a doctrine of equivalents has been evolved The theory of the doctrine is that "if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape." Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935. The normal application of the doctrine is to find infringement where there is an insubstantial departure from the claim in order to prevent the working of a fraud on a patent by a similar, albeit not identical, device.

An opposite application of the doctrine is made, however, in the reverse situation to find no infringement by a product falling within the language of the claim which functions differently. "Thus, where a device is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way, but nevertheless falls within the literal words of the claim, the doctrine of equivalents may be used to restrict the claim and defeat the patentee's action for infringement." Graver Tank & Mfg. Co. v. Linde Air Products Co. (1950), 339 U.S. 605, 609, 70 S.Ct. 854, 856, 94 L.Ed. 1097.

The complaint alleged infringement of claims four and five [1] of the Marvel pat-

---

[1] "4. A water separator cartridge comprising a plurality of superimposed porous elements of fiber glass, the fibers of each element being forcibly compressed to a predetermined density, a binder for maintaining the predetermined density of each element, and means for holding the elements assembled so that the density of the cartridge is uniform through substantially its entire length.

"5. A water separator cartridge comprising a number of superimposed porous elements of fiber glass, the fibers of each element being forcibly compressed to a predetermined density, a binder for maintaining the predetermined density of each element so that the density of the cartridge is uniform through substantially its entire length, and liquid pervious means for holding the elements assembled."

ent by the Taylor filter. Both filters are hollow cylinders composed of fiber glass elements constituting a porous cartridge. The filters are used primarily to separate water and foreign substances from aviation fuel. The Marvel claim is for a filter composed of superimposed fiber glass elements which have been separately compressed to a pre-determined density, a binder which maintains a uniform density throughout the elements, and a porous container to hold the elements assembled within the cartridge. An illustration of the Marvel filter on the patent claim shows it to be composed of stacked fiber glass elements, and the first claim of the patent is for "a water separator cartridge comprising a porous stack of elements, said elements comprising a number of layers of bonded fiber glass material * * *."

The principal difference between the Taylor filter and the Marvel patent is that in the Taylor filter, fiber glass mats are wrapped around a core and are then cured by heating them sufficiently to cause resins in the glass to bind the mats into tubular form without need of a container.

■ The thrust of Appellant's argument is that in spite of evidence that the claim was originally intended to apply to a filter of stacked elements, the Taylor filter of wrapped elements nonetheless infringes because wrapped elements fall within the language "superimposed porous elements" of claims four and five of the Marvel patent. This type of semantic reasoning is the danger which the reverse application of the doctrine of equivalents is designed to prevent. Although a grammarian might concede that wrapped elements are superimposed, Appellees have proved that wrapped filter elements were an improvement over stacked elements because of different flow characteristics. It was shown that in a filter composed of stacked elements, the flow of liquid was parallel to the fibers and that, under pressure, the liquid might create channels between the fibers and flow unfiltered. The flow of liquid through a wrapped filter is perpendicular to the plane of the fibers and no channeling results. It is clear from the evidence that the Taylor filter had functional advantages over the Marvel filter and was not a subterfuge developed to work a fraud on Appellant's patent. Under the doctrine of equivalents, the Taylor filter cannot be said to infringe the Marvel patent because its dissimilar characteristics are functional and not insubstantial.

■ The trial court made specific findings of the differences between the Mervel patent and the Taylor filter.[2]

2. "The cartridge manufactured and sold by defendants differs in the following respects from the cartridge covered by the Patent and manufactured and sold by plaintiffs:

"(a) The cartridge covered by the Patent and manufactured and sold by the plaintiffs comprises a series of stacked hollow blocks of fiber glass material. The defendants' cartridge is made of a series of multiple longitudinal mats of fiber glass material.

"(b) The cartridge covered ¸ by the Patent and manufactured and sold by the plaintiffs is of uniform density throughout the length thereof. The defendants' cartridge does not have a specific density nor a uniform density throughout the length thereof.

"(c) The cartridge covered by the Patent and manufactured and sold by the plaintiffs includes a liquid pervious sock to hold the hollow block elements of fiber assembled. Defendant's cartridge does not use a liquid pervious means to hold the fiber glass material assembled, nor to create a uniform density throughout the length thereof.

"(d) The cartridge covered by the Patent and manufactured and sold by the plaintiffs is compressed longitudinally between end caps when it is installed in the associated cage. Defendants' cartridge requires no longitudinal compression and is not longitudinally compressed.

"(e) The cartridge covered by the Patent and manufactured and sold by the plaintiffs obtains structural strength from the cage into which it is placed. Defendants' cartridge does not require a cage for structural strength, as the bursting strength is imparted thereto by the circumferential arrangement of the glass fibers and in part by a fiber glass screen

These findings expressly remove the Taylor filter from the literal language of the Marvel patent. They are supported by sufficient and competent evidence in the record. The Supreme Court of the United States, in Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, at 609–610, 70 S.Ct. 854, 857, 94 L.Ed. 1097, has limited appellate review of findings in these cases to a determination of the sufficiency of the evidence. "A finding of equivalence is a determination of fact * * *. Like any other issue of fact, final determination requires a balancing of credibility, persuasiveness, and weight of evidence. It is to be decided by the trial court and that court's decision, under general principles of appellate review, should not be disturbed unless clearly erroneous. Particularly is this so in a field where so much depends upon familiarity with specific scientific problems and principles not usually contained in the general storehouse of knowledge and experience."

It should also be noted that the field occupied by these inventions, that is, filters to separate water from hydrocarbon emulsions, is a crowded one. Prior art teaches the use of fiber glass as the separating media, predensification to a predetermined density, the use of

cloth which is helically wrapped over one of the layers of the fiber glass mats.

"(f) The cartridge covered by the Patent and manufactured and sold by the plaintiffs employs predensified fiber glass material in the manufacture of its cartridge. The defendants' cartridge does not employ predensified fiber glass material.

"(g) In the cartridge covered by the Patent and manufactured and sold by the plaintiffs, the flow of the liquid being treated is parallel to the plane of the glass fibers. In the defendants' cartridge the flow of the liquid to be treated is perpendicular to the plane of the glass fibers.

"(h) The cartridge covered by the Patent and manufactured and sold by the plaintiffs employs a plurality of superimposed porous elements of fiber glass material. The defendants' cartridge structure employs a series of convolutely wrapped mats of fiber glass material.

resin as a binder and the forcing of the liquid under pressure through the filtering elements. Novelty was possible only by way of improved uses of known materials and functions. The Marvel patent emphasizes uniform density throughout the length of the cartridge obtained by stacking and compressing two-inch blocks of precured and predensified fiber glass mats. The Taylor filter obtains functional uniformity throughout the length of the filter, not by means of uniform density, but by wrapping three layers of uncured fiber glass around a core, each layer having a different size and number of fiber glass threads or strands which lie perpendicular to the flow and which are then cured by heating.

In this context, even assuming that claims 4 and 5 of the Marvel patent read literally on the Taylor filter, the doctrine of equivalents has no application. Moon v. Cabot Shops, Inc., 9th Cir., 270 F.2d 539. In McCormick v. Talcott et al., 1857, 20 How. 402, 405, 61 U.S. 402, 405, 15 L.Ed. 930, the Court said:

"If he be the original inventor of the device or machine called the divider, he will have a right to treat as infringers all who make dividers oper-

"(i) In the cartridge covered by the Patent and manufactured and sold by the plaintiffs the fibers of glass of each element are forcibly compressed to a predetermined density. In the defendants' cartridge there is no forcible compression of the fiber glass material to a predetermined density.

"(j) In the cartridge covered by the Patent and manufactured and sold by the plaintiffs a binder is employed to maintain a predetermined density of each element. In the defendants' cartridge, there is no predetermined density of the glass fibers.

"(k) In the cartridge covered by the Patent and manufactured and sold by the plaintiffs there is a means for holding the elements assembled so that the density of the cartridge is uniform through substantially its entire length. In the defendants' cartridge there is no means for holding the elements assembled and the fiber glass material of the cartridge does not have a uniform density."

ating on the same principle, and performing the same functions by analogous means or equivalent combinations, even though the infringing machine may be an improvement of the original, and patentable as such. But if the invention claimed be itself but an improvement on a known machine by a mere change of form or combination of parts, the patentee cannot treat another as an infringer who has improved the original machine by use of a different form or combination performing the same functions. The inventor of the first improvement cannot invoke the doctrine of equivalents to suppress all other improvements which are not mere colorable invasions of the first."

Appellant patented a certain design and combination of known materials for a specific function. Taylor patented a different design and combination of the same basic materials for the same function. Each patent is valid only within the narrow limits of its own design.

The judgment of the district court is affirmed.