867 F.2d 615
 10 U.S.P.Q.2d 1790
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anders E. TRELL, Plaintiff-Appellant,
v.
MARLEE ELECTRONICS CORP., Defendant-Appellee.
 No. 88-1099.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1989.
Rehearing Denied Feb. 17, 1989.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Anders E. Trell (Trell) appeals the judgment of the United States District Court for the Central District of California, CV NO. 85-7364-DT, holding that U.S. Patent No. 3,947,641 ('641) is not infringed by certain products of Marlee Electronics Corp. (Marlee). We reverse and remand.
 
 OPINION
 
 2
 Only the district court's finding of noninfringement of the '641 patent has been appealed.[1] Analysis of patent infringement entails two inquiries: determination of the scope of the claims as a matter of law, and the factual finding of whether the properly construed claims encompass the accused structure. Mannesmann Demag Corp. v. Engineered Metal Prods. Co., 793 F.2d 1279, 1282, 230 USPQ 45, 46 (Fed.Cir.1986). Claim construction is reviewed as a matter of law, but the interpretation of a claim may depend on facts about which there is a dispute, requiring resolution of factual issues as a basis for interpretation of the claim. Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1054, 5 USPQ2d 1434, 1441 (Fed.Cir.), cert. denied, 109 S.Ct. 75 (1988).
 
 
 3
 A. The district court found that the references to "lock" in claims 4 and 9 of the '641 patent "require that a lock or locks must be considered as part of the combination of elements claimed" and that "Marlee does not now and never has during the relevant period sold locks, either as part of its entry control systems or separately." In part for these reasons, the district court determined that there was no infringement.
 
 
 4
 The recitations in claims 4 and 9 require only an apparatus that can be connected to a door lock and means for releasing or addressing a door lock. The plain language of these claims does not include a door lock as part of the invention; rather, it reflects only that the claimed device is capable of acting on a lock. Moreover, there is nothing in the specification or prosecution history that indicates that a lock is part of the invention claimed. See ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1579, 6 USPQ2d 1557, 1560 (Fed.Cir.1988) ("In interpreting claims resort should be made to the claims at issue, the specification, and the prosecution history.")
 
 
 5
 B. The district court also stated that the Marlee devices do not infringe claim 9 because "[n]o Marlee entry control system generates electrical signals of any kind which are, at the same time, transmitted to the public telephone network and to a lock device of any kind." In other words, the Marlee "system would cause the door to unlock directly, without involvement of the public telephone system." (Emphasis added.)
 
 
 6
 Claim 9 recites "said selecting means also addresses a common combination lock device." Because this claim is in the "means plus function" format permitted by 35 U.S.C. Sec. 112, p 6, it must be interpreted to cover the structure disclosed in the specification for performing the recited function and the equivalents thereof. United States v. Telectronics, Inc., 857 F.2d 778, 782, 8 USPQ2d 1217, 1220 (Fed.Cir.), cert. denied, 108 S.Ct. 1022 (1988).
 
 
 7
 The district court found that the additional function of claim 9 is not performed by the accused device because it does not use the public telephone network. We are convinced that this finding is based on an improper construction of claim 9. The recited function in claim 9 merely requires that a lock device be addressed from the selecting means. It does not require the use of a telephone network to do so.
 
 
 8
 Claim 9 depends from claim 4 and, thus, incorporates all of the limitations of claim 4. The latter requires a selecting means for dialing telephone numbers to a telephone network. Thus to infringe claim 9 the selecting means must be capable of addressing a public telephone network. However, nothing in the claim requires that the public telephone network must be used in addressing a common combination lock device. In fact, the claim is to the contrary because it provides that the selecting means "also addresses a common combination lock device." (Emphasis added.) "Also" means in addition to, and implies something different from dialing numbers to a telephone network. Further, the specification and prosecution history do not indicate that the claim should be limited in the manner found by the district court. See ZMI Corp., 844 F.2d at 1579, 6 USPQ2d at 1560.
 
 
 9
 The district court determined that the function recited in claim 9 is performed by the Marlee device. The court said:
 
 
 10
 In operation, a ... number ... is keyed into the ... Marlee entry control system.... If the system had been previously programmed to recognize that specific number, the system would cause the door to unlock directly, without involvement of the public telephone system.
 
 
 11
 C. The district court determined lack of infringement because "the Entrakey feature is not operative when an entry control system is sold by Marlee." This is not a proper infringement inquiry. If the claims read on the accused device either literally or by application of the doctrine of equivalents, it is not material that a function or element of the accused device has not been activated by the alleged infringer or in fact used by the end user. The claims, being in "means plus function format," require "means for performing particular functions." Spindelfabrik, 829 F.2d at 1085, 4 USPQ2d at 1052. Actual use of the means is not required.
 
 
 12
 D. Finally, the district court determined that "[o]utside of the elements of the Marlee entry control systems which answer the phrase 'selecting means' ... there are no other elements which can be referred to to answer the 'discriminating means' phrase of the patent." (Emphasis in original.) It found, however, that the Marlee entry control systems had a combination of elements, "including a key pad ... into which a user enters a code number and a computer memory which, upon receipt of the code number, causes an associated telephone number to be read out onto a telephone line."
 
 
 13
 Claim 4 recites "discriminating means for securing that only certain telephone numbers out of all those of the whole said telephone network can be selected resulting in said telephone networks performing a call to one of said telephone networks subscriber telephone sets." Since only telephone numbers that are associated with the codes can be read out of the computer memory of the Marlee device onto a telephone line, it limits the number of subscriber sets that can be dialed. Thus, the function of the discriminating means of claim 4 is performed in the Marlee device by the same element or elements that the district court found "answer the phrase 'selecting means.' " The district court apparently considered that two separate physical elements were required to perform the functions of the selecting means and the discriminating means of claim 4. Although each function in a "means plus function" claim must be performed to find infringement, separate means to do so are not required. See Machine Co. v. Murphy, 97 U.S. 120, 123 (1877). Because the district court's findings demonstrate that the selecting means of the accused device performs the discriminating function required by the claims, infringement is made out.
 
 
 14
 Accordingly, the portion of the judgment of the district court determining that the '641 patent is not infringed is reversed and the case is remanded for proceedings consistent with this opinion.
 
 
 
 [1]
 The claim at issue recites "In combination with a public automatic subscriber telephone network." Because Marlee does not make or sell public telephone networks the issue is contributory rather than direct infringement