Affirmed.

22 C. C. P. A. (Patents)

In re KEY.

Patent Appeal No. 3472.

Court of Customs and Patent Appeals.
April 8, 1935.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo. (John H. Cassidy, of St. Louis, Mo., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by the appellant for a patent on alleged improvements in return bend housings, such as are ordinarily used in oil stills. The alleged improvement involves the joints between a return bend and the pipes which the bend is intended to connect. It is the purpose of the inventor to construct such a connection between such return bend and pipes that, as a result, a gastight connection will be formed, and, at the same time, it will be possible to easily remove the return bend for replacement or cleaning.

Appellant's device consists of a sleeve member into which the ends of the pipes to be joined are fastened by means of a screw thread, or by other suitable means, such as expansion. In the upper face of each annular portion of the sleeve there is a tapered bore, into which fits the tapered end of the return bend. The bend is placed in position and is held closely and tightly in place by means of ·housing members which surround the end of each tube, and by means of which pressure is exerted upon the ends of the return bend structure by set screws.

Two of these housing members are provided for each assembly, one for each pipe. The sleeve member which makes the joint between the return bend and the pipes is in two sections, these being connected by wings with slotted openings, through which a bolt is fastened and secured.

Rejected claims 34, 35, and 36 were copied from the patent to Getzen, 1,831,709, of November 10, 1931. Claim 37 was copied from the patent to Stewart, No. 1,859,850, of May 24, 1932. Claim 38 was presented as a claim thought to be readable upon both appellant's disclosure and the disclosure of the patentee Getzen. Claim 39 was presented as thought to be readable upon the disclosure of appellant and the said patent to Stewart.

Claims 34, 37, 38, and 39 are given as representative:

"34. In a refinery apparatus, means for connecting a conventional return bend to a pair of tubes having threaded ends comprising a collar adapted to be threaded on each tube, a housing member having substantially circular openings, the walls of which are adapted to interlock with each of said collars, and means carried by said housing for holding said collar and said return bend in assembled relation."

"37. In a refinery apparatus, means for connecting the conventional return bend to a pair of still tubes, comprising a housing member having substantially circular openings therein, the walls of which are provided with recesses adapted to interlock with the walls of said tubes when they are rolled into said recesses, means forming a leak-proof joint between the return bend and the housing spaced from but concentric with the tubes, comprising mating members of said housing and said return bend, and means for holding said return bend and housing in assembled relation to form a gas-tight joint."

"38. In a refinery apparatus, means for connecting a conventional return bend to a pair of tubes having threaded ends comprising a collar adapted to be threaded on each tube, a housing member having substantially circular openings, the walls of which are adapted to interlock with each of said collars, laterally extending webs to connect said annular members, means to secure said webs to each other, and means carried by said housing for holding said collar and said return bend in assembled relation."

"39. In a refinery apparatus, means for connecting the conventional return bend to a pair of still tubes, comprising a housing embodying portions and having substantially circular openings therein, the walls of which are provided with recesses adapted to interlock with the walls of said tubes when they are rolled into said recesses, means forming a leak-proof joint between the return bend and the housing portions spaced from but concentric with the tubes, comprising mating members on said housing portions and said return bend, and means for holding said return bend and housing in assembled relation to form a gas-tight joint."

The said claims 34 to 39, inclusive, were rejected by the Examiner, while a considerable·number of claims were allowed. The Board of Appeals affirmed the decision of the Examiner.

The claims were presented for purposes of interference with Getzen and Stewart. The Examiner, in addition to finding that the claims did not properly read upon the appellant's disclosure, also rejected .claim 34 as unpatentable over the patent to Rebsamen et al., No. 799,869, of September 19, 1905. The Board of Appeals did not agree with the Examiner as to the Rebsamen patent, and based its rejection entirely upon the holding that the rejected claims did not read upon the appellant's disclosure.

As to the claims copied from the Getzen patent, the point of discussion is whether appellant has disclosed "a housing member," as is claimed in said Getzen claims 34, 35, and 36. The Board of Appeals was of the opinion that the appellant here did not disclose a housing member, but housing members. There is no question that the disclosure of the appellant here shows two separate and distinct members known as housings, one for each joint. These are entirely independent of each other. Counsel for appellant argue that Getzen shows by his drawings, especially by figure 2 thereof, that he

also utilizes separate housing members, and designates the same as "a housing." It is true that in said figure 2 Getzen shows two members united by webs and a bolt. However, the parts are united, and, when united, constitute one housing, within the meaning to be gathered from Getzen's disclosure.

We are unable to disregard the limitation in the Getzen claims, which, it seems to us, specifies a unitary structure for the housing, and we believe that, under the authorities, whether one constitutes an equivalent of the other is immaterial in this proceeding. Limitations may not be disregarded, even for the purposes of an interference. In re Bijur, 40 F.(2d) 999, 17 C. C. P. A. (Patents) 1134; In re Fischer, 58 F.(2d) 1058, 19 C. C. P. A. (Patents) 1231; In re Jacobi, 64 F.(2d) 691, 20 C. C. P. A. (Patents) 1052.

Claim 37, which also provides for a housing member, provides that this housing member shall have recesses adapted to interlock with the walls of the tube forming "a leak-proof joint between the return bend and the housing." As is said by the Board of Appeals, the appellant discloses no interlocking or joint between the return bend and the housing, but does disclose such a joint between the return bend and the sleeve, which is an entirely independent and distinct member from the housing member. Here, again, is a limitation found in Stewart, and which it is apparent does not read upon appellant's present disclosure. The defects which have been heretofore mentioned appear also in claims 38 and 39, and need not be further enlarged upon here.

We are not here concerned with an infringement suit, such as was involved in Union Paper Bag Machine Co. v. Murphy, 97 U. S. 120, 125, 24 L. Ed. 935. There, the court had before it the question of the equivalency of the devices employed, and stated that in such cases, where the question of damages and infringement were involved, "that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape." However, that principle is not here involved. As we have before pointed out, in ex parte matters such as we here have, we may not disregard essential limitations in claims, and, having found that there are such essential limitations in the claims which the appellant has attempted to make, which are not found in his disclosure, we cannot conclude that the allowance of the same is proper.

The decision of the Board of Appeals is affirmed.