**BAHR STARTING GATE CORPORATION**
**v. DADE PARK JOCKEY CLUB.**

No. 8214.

Circuit Court of Appeals, Sixth Circuit.

May 7, 1940.

Albert J. Fihe, of Chicago, Ill., for appellant.

E. B. Anderson, of Owensboro, Ky., for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The patent in the present infringement suit held valid but not infringed in the court below, is one issued on July 15, 1930, to A. T. J. Bahr, upon application filed May 11, 1928, No. 1,770,450. The patentee describes his invention as relating to an improved starting machine for use at race tracks, contemplating the employment of a portable wheeled appliance capable of being rolled to and from the starting position. In carrying out his inventive concept, the inventor utilized a pair of wheeled base frames and relatively movable, vertically adjustable stall frames, with means whereby the latter are elevated so that the weight of the machine is imposed on the wheeled base frames for transportation when the appliance is being moved into or out of its starting position, and is shifted from the base frames to the stalls, held rigidly in place for the start of the race.

Claims 1, 2 and 4 are in suit and read as follows:

"1. In a portable starting machine, the combination with a pair of spaced base frames, of a rigid, vertically movable stall-structure including stall-partitions, and means for moving the stall-structure rela-

tively to the base frames whereby the weight of the machine is borne by the stall-partitions.

"2. In a portable starting machine, the combination with a pair of spaced base frames, of a rigid, vertically movable stall-structure including stall-partitions, spikes on the stall partitions to enter the surface of a track, and means for moving the stall-structure relatively to the base frames whereby the weight of the machine is borne by the stall-partitions."

"4. The combination, in a starting implement with a pair of base frames having swiveled supporting wheels and a pair of posts on each frame, of a pair of stall frames and a series of stall-partitions rigidly supported therefrom, said stall frames having perforations to accommodate the posts, and means for relatively moving the stall frames whereby the weight of the implement is borne by the stall-partitions."

While in the court below the defenses included invalidity, both on the ground of anticipation, and inoperability of the described device, together with a denial of infringement, the contention that the claims are void has now been abandoned, and the record is here without the prior art exhibits upon which invalidity was asserted. We therefore conceive the issue to be solely one of infringement.

▉ Upon this question we would ordinarily be concerned with the matter of claim construction. Prior art references would be expected to throw light upon it and aid us in ascertaining the precise advance that the inventor made in the art and the scope to be given to his claims. Not only is this evidence withheld but we are without the file wrapper history of the patent, although that of a later improvement patent by the same inventor is fully presented. It seems clear, however, from such evidence as we have, that the inventor is in no sense a pioneer and it is, we think, equally clear that most, if not all, of the elements of his invention are old although his precise combination may be novel. While the District Court undertook no express definition of the scope of the claims in the light of prior art, it is implicit in its opinion and decree that it gave to the claims the restricted construction usually accorded an improvement patent which makes but limited advance upon prior art. In the absence of record evidence clearly requiring a contrary view

we must conclude that there was no error in narrowly construing the claims.

The essence of the inventive concept appears to reside in a combination of base frames and relatively movable, vertically adjustable stall frames, so organized that when the machine is set in place for the start of a race, its weight will be transferred from the wheeled base frames to the stall partitions, with the latter securely anchored by suitably located spikes to the track for purposes of rigidity, and with suitable means provided whereby the weight of the appliance may quickly be transferred to the wheels for removal of the device from the track. This seems clear from the specification, the fact that the means for weight transference is an element which appears in each of the claims in suit, and the emphasis placed thereon in brief and argument.

The appellee is not a manufacturer or dealer in starting machines. It purchased a second-hand starting gate made by one Pruett, which it installed upon its track. It is a rather crude device employing a combination of base frames and stall partitions, yet it is clear that it operates upon a principle differing from that which the inventor conceived to be essential to his inventive combination. The appellee employs lifting jacks to elevate the stall partitions a few inches above the surface of the track for clearance during transportation, but the jacks rest on the base frame and the weight of the stall partitions remains always on the wheels. Rigidity is achieved by cantilever trusses depending from overhead and joined by bracing rods. The evidence is clear that the weight of the whole appliance neither is nor can be transferred from the wheels to the stall partitions, and while the ends of tubing forming the frames of the stall partitions bear remote resemblance to the spikes of the patent there is no functional similarity and they do not anchor the partitions to the ground as do the spikes disclosed by the patent.

▉ The claims do not read upon the appellee's device, and the manner of operation of the two appliances is so substantially dissimilar, that we must conclude the court to have been without error in its holding of non-infringement. Union Paper Bag Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935; Westinghouse v. Boyden Power-Brake Co., 170 U.S. 537, 18 S. Ct. 707, 42 L.Ed. 1136; Directoplate Corp.

v. Donaldson Lithographing Co., 6 Cir., 51 F.2d 199.

The decree below is affirmed.